CRAIG SMITH
(Name)
5-21-118 , P.O. BOX 799005
(Address)
SAN DIEGO, CA. 92179
(City, State, Zip)
T09268
(CDC Inmate No.)

2254     1983  ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ Pro Se ___


FILED
OCT 2 5 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# United States District Court
## Southern District of California

CRAIG SMITH
(Enter full name of plaintiff in this action.)

                                    Plaintiff,

v.

DAN LINK, NICHOLAS GONZALEZ,
JUDGE-ALBERT HARUTUNIAN III
CITY OF SAN DIEGO
COUNTY OF SAN DIEGO
(Enter full name of each defendant in this action.)

                                    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'07 CV 2077 BTM     RBB

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

ALSO 42 U.S.C.A. § 1981, CIVIL RIGHTS ACT OF 1964

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, CRAIG SMITH
(print Plaintiff's name)
_____, who presently resides at RICHARD J. DONOVAN
(mailing address or place of confinement)
CORRECTIONAL FACILITY _____, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at CITY OF SAN DIEGO,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO   on (dates) 12-1-2005 THRU 10-30-06
(institution/place where violation occurred)                              (Count 1)     (Count 2)     and _____.  (Count 3)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___NICHOLAS GONZALEZ___ resides in ___SAN DIEGO___ ,
(name)                                                            (County of residence)
and is employed as a ___SAN DIEGO CITY POLICE OFFICER___ . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: ___AS THE ARRESTING OFFICER, WITNESS, AND APPOINTED INVESTIGATOR___

_____

_____


Defendant ___DAN LINK___ resides in ___SAN DIEGO___ ,
(name)                                                            (County of residence)
and is employed as a ___COUNTY DISTRICT ATTORNEY___ . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: ___AS A COUNTY OFFICER, AND DISTRICT ATTORNEY, PROSECUTION IN CASE # SCD 195342,___

___SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO___

_____


Defendant ___ALBERT HARUTUNIAN III___ resides in ___SAN DIEGO___ ,
(name)                                                            (County of residence)
and is employed as a ___HONORABLE JUDGE___ . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: ___AS THE HONORABLE JUDGE, IN SUPERIOR COURT OF CALIFORNIA IN AND FOR THE___

___COUNTY OF SAN DIEGO, IN CASE # SCD 195342 IN THE RETRIAL/SECOND TRIAL___

_____


Defendant _____ resides in _____ ,
(name)                                                            (County of residence)
and is employed as a _____ . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: 4th Amend. - Unreasonable Seizures, False
*Probable cause*
(E.g., right to medical care, access to courts,

Arrest, False Imprisonment, 5th Amend. - Due Process, - Derived of Liberty, Malicious Prosecution, Fabricating Evid.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.). 14th Amend. - Due Process; Cruel and Unusual Punishment, 8th Amend

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On December 1, 2005, a Thursday evening, but the plaintiffs weekend as for work, an avid pool player "Billiards", I inquired to my brother Ken Smith", after he got off work to go play, he decline for he was tired, plaintiff decided to go on his own to Etta's bar, which plaintiff frequent once or twice a month, being a Thursday night, I stopped and purchase a pint of brandy and seven-up in case nothing was happening, I arrived at Etta's about 9:30pm or so, Lily Salvage the bartender was on duty, the night was slow, I was challenged to shoot pool by a guy, I later learn was Alphonsion Deng, in trial Lily testified that Deng had been belligerent since his arrival, I won a game, the first game and Deng bought me a screwdriver, my first drink of the night, the second game I scratch on the eight ball, Deng argue about him buying me another drink, which I had a second drink, he then argued with Lily about his bill, I tried to calm him down, Lily eventually ended up using a pool stick to get Deng out of the bar, by gently laying it on his chest and walking him out, this was about 10:50pm, Lily had locked the door behind him, she closed the bar at 11:00pm, about 11:10pm she asked me and another patron to exit the bar, when I step outside and on the parking lot, I started walking toward my car, Deng was there waiting, he approach me muttering, I was 44 years old, Deng was 24", he grabbed my shirt, I said let go, he swung and hit me in the eye, in defense, I was able put Deng on the ground twice, but he would get back up quickly, I finally was able to get in my car and leave heading home,

What I did not know was Deng had got up, got in his car and was chasing me, he lived in the opposite direction, a mile plus later, I was at a stop sign, when a light in my rearview mirror, and then it was apparent the vehicle was not stopping, I tried to step on the gas pedal, but was too late, the car crash into me at about 35 to 40 mph this crash happen about 11:25pm, I immediately suspected it was Deng, and I knew he was not trying to fight again, per the fight he started just prior, he lost

§ 1983 SD Form
(Rev. 4/06)

3

1   HE HAD HIT ME AT A HIGH SPEED ON THE MOSTLY RIGHT REAR END. MY CAR WAS A 2000 BLACK

2   MUSTANG CONVERTABLE, BUT, TO TAKE HIS OWN CAR AND USE IT AS A BATERING RAM, HE WAS SEEKING

3   DEADLY VIOLENT HARM, I FEARED HE WAS ON SOME KIND OF RAGE, MY CAR HAD SPUN ALL THE

4   WAY AROUND, FACING THE OPPOSITE DIRECTION, HIS CAR WAS ON THE OTHER SIDE OF THE INTERSECTION,

5   I LOOKED BACK AT HIS VEHICLE AND COULD SEE A FIGURE BEHIND THE DRIVER SEAT, I DID NOT

6   KNOW IF IT WAS MORE THAN ONE PERSON OR NOT, I THEN TRYED TO DRIVE AWAY, BUT MY CAR WAS

7   INOPERABLE, I START THINKING MAYBE HE HAS A GUN OR SOMETHING, I THOUGHT I GOT TO GET OUT OF

8   THIS CAR, BUT THEN I WAS THINKING IT COULD BE SOMEONE WITH HIM ALSO, I COULD STEP OUT OF THE

9   CAR AND GET SHOT, THEN I WAS THINKING THEY COULD SHOOT ME IN THE CAR, I WAS LITERALLY

10   SHAKING, THEN I REACHED IN THE BACK SEAT AND GRABBED THE BAG WITH THE BRANDY AND

11   SEVEN-UP, LEANING OVER THE CENTER CONSOLE, RIGHT ABOVE THE PASSENGER SEAT, I POURED

12   THE PREVIOUSLY ENOPEN BOTTLE IN A COFFEE MUG, WHICH THE PINT HAD ALMOST FILLED IT UP,

13   A 16 OZ MUG, I THEN POURED SEVEN-UP, IT OVERFLOWED AND I SPILL SOME ON THE FRONT

14   PASSENGER SEAT, I TOOK SEVERAL BIG GULPS, THE MUG WAS ALMOST EMPTY, I THEN PLACED

15   THE MUG ON THE FLOOR BEHIND THE FRONT PASSENGER SEAT, I CAUTIOUSLY GOT OUT OF THE CAR

16   AND CAUTIOUSLY WALKED AWAY FROM THE SCENE

17       I WAS ABOUT A BLOCK AWAY, WHEN A CAR DROVE UP WITH SOME MALES INSIDE, THEY SAID

18   SOMETHING LIKE, I SAW THE WHOLE THING MAN HE CREAMED YOU, OR SOMETHING LIKE THAT, THIS

19   MADE ME GO BACK TO THE SCENE, I WALKED BACK AND WAS PACING ON THE CURB AREA, SOME 20

20   FEET AWAY FROM MY CAR, KEYS IN MY POCKET, THE CAR LIGHTS WERE OFF, DURING THE WHOLE

21   NIGHT I NEVER LOOKED INSIDE THE OTHER VEHICLE, PER I DID NOT TRUST THAT ACTION, ABOUT 11:50

22   OR SO, AN AMBULANCE ARRIVED, I DENIED SERVICE, BUT DENIS WAS TAKEN AWAY EVENTUALLY,

23   THE SAN DIEGO POLICE ARRIVED A FEW MINUTES AFTER THE AMBULANCE, BY THIS TIME I WAS STARTING

24   TO FEEL THE EFFECTS OF THE ALCOHOL I HAD QUICKLY GULPED, OFFICER NICHOLAS GONZALEZ, HE

25   ASKED ME WHAT HAPPEN, I TOLDED HIM THE OTHER VEHICLE CRASH INTO ME, WHILE I WAS AT THE STOP

26   SIGN, OFFICER GONZALEZ THEN PROCEEDED TO INSPECT THE SCENE AND GET INSURANCE INFO, HE NOTICE

27   THE LIQUID ON THE PASSENGER FRONT SEAT, AND ASKED WHAT WAS IT, I TOLD HIM ALCOHOL I HAD,

28   HE THEN HAD ME STEP BACK, HE FINISHED, THEN CAME AND ASKED ABOUT THE EVENTS PRIOR TO THE

1    CRASH, THEN HAD ME DO A FIELD SOBRIETY TEST, THE EFFECT OF THAT ALCOHOL WAS INCREASING BY THE

2    MINUTE, THE MORE AS TIME WENT ON THE WORST I GOT, WHEN HE ASKED ME ABOUT MY DRIVER LICENSE

3    PRIOR TO THE TEST, I TOLD HIM I HAD A VALID LICENSES, WHILE I WAS LOOKING IN MY WALLET, HE

4    OBSERVED A MISSOURI'S DRIVER LICENSE, MY HOME TOWN, HE TOOK THEM, I TOLDED OFFICER GONZALEZ

5    ABOUT I HAD THE FIGHT WITH DENG, AFTER THE TEST AT ABOUT 12:05 OR SO HE ARRESTED MYSELF FOR

6    DRIVING UNDER THE INFLUENCE, OFFICER GONZALEZ THEN TOOK ME TO THE STATION AND AT 12:27 AM

7    12-2-07, OFFICER DEOSSARI RAN A BREATH INTOXILIZER TEST A READING OF .17, AND I EVENTUALLY

8    PASS OUT.  WHAT WAS CRUCIAL IS BEFORE THE ARREST AND BEFORE HIS CONDUCT WAS IN A

9    MANNER SUSPECTING DRIVING UNDER THE INFLUENCE, HE HAD RAN A CHECK ON MY I.D. AND HE

10   SAID YOUR ON PAROLE, HIS DEMEANOR CHANGED, AND ALL DURING BOTH TRIALS, THEIR WAS NO

11   EMPATHY OF THE PLAINTIFF BEING A VICTIM OR TO CHARGE THIS OTHER GUY DENG WITH ASSAULT OR

12   NOTHING, IT WAS JUST TO PROSECUTE THE PLAINTIFF

13                        OFFICER NICHOLAS GONZALEZ SUBMITS

14                        A FALSE REPORT TO HIS SUPERVISOR

15   OFFICER GONZALEZ IN HIS REPORT TO HIS SUPERVISOR, STATED THAT ONE OF FACTORS, ONE OF HIS

16   REASONS FOR PROBABLE CAUSE, WAS THAT THE PLAINTIFFS CALIFORNIA DRIVER'S LICENSE WERE

17   SUSPENDED

18                        INFORMATION FILED

19   ON DECEMBER 20, 2005, AN INFORMATION WAS FILED CHARGING PLAINTIFF WITH TWO COUNTS

20   INVOLVING A SINGLE INCIDENT OF ALLEGEDLY DRIVING UNDER THE INFLUENCE OF ALCOHOL, COUNT ONE

21   CHARGE A VIOLATION OF VEHICLE CODE 23152, SUBDIVISION (a), DRIVING UNDER THE INFLUENCE OF

22   ALCOHOL, AND COUNT TWO CHARGE A VIOLATION OF SUBDIVISION (b), DRIVING UNDER THE INFLUENCE

23   WITH A BLOOD ALCOHOL CONTENT OF .08 OR MORE

24            OFFICER NICHOLAS GONZALEZ MISLEADS THE JUDGE AT PRE-LIM ON THE BASIS

25            OF PROBABLE CAUSE WITH A MATERIAL OMISSION, INTENDING TO ENHANCE THE

26            CONTENTS OF THE AFFADAVIT IN SUPPORT OF PROBABLE CAUSE

27   OFFICER TESTIFIED THAT THE PLAINTIFFS CALIFORNIA DRIVER LICENSE'S WERE SUSPENDED, PLAINTIFFS

28   CALIFORNIA DRIVER LICENSE # C5935148 WERE VALID, AND NOT SUSPENDED AT TIME OF ARREST,

1. → 12-02-05, OFFICER HAD FABRICATED HIS REPORT AND A AFFIDAVIT, AND FABRICATED EVIDENCE,

2. TESTIMONY TO MISLEAD THE JUDGE,

3.     OFFICER NICHOLAS GONZALEZ TESTIFYS WITH FABRICATED EVIDENCE IN TRIAL TO MISLEAD

4.     THE JUDGE AND JURY:

5. DEFENSE ATTORNEY GREG TURNER OF PACIFIC LAW CENTER PROVIDE'S PROOF, THAT THE PLAINTIFFS

6. CALIFORNIA LICENSE'S WERE NOT SUSPENDED, BUT VALID, AFTER OFFICER GONZALEZ'S TESTIMONY IN TRIAL

7. THAT THE LICENSE'S WERE SUSPENDED, OFFICER GONZALEZ HAD TESTIFIED THAT HE HAD CHECK THE

8. LICENSE'S IN HIS COMPUTER IN THE CAR, BEFORE THE ARREST, ON CROSS EXAMINATION HE ADMITTED

9. HE HAD ERROR IN SUBMITTING HIS REPORT, AND MISTAKEN IN HIS PREVIOUS TESTIMONY

10.     FIRST TRIAL CONCLUSION

11. THE PLAINTIFF'S FIRST TRIAL CONCLUDED ON FEBRUARY 17, 2006, THE JURY ACQUITTED PLAINTIFF

12. OF COUNT TWO - DRIVING UNDER THE INFLUENCE WITH A BLOOD ALCOHOL MEASURE OF .08 OR ABOVE,

13. BUT WAS NOT ABLE TO REACH A VERDICT ON COUNT ONE - DRIVING UNDER THE INFLUENCE OF ALCOHOL,

14. A MISTRIAL WAS DECLARED AS TO THAT COUNT

15.     OFFICER GONZALEZ'S ARREST, FIRST TRIAL

16. OFFICER GONZALEZ DID NOT PURSUE AN ARREST FOR DUI, UNTIL HE RAN A CHECK ON THE PLAINTIFF'S

17. CRIMINAL HISTORY, SAN DIEGO CITY POLICE OFFICERS HAS A CUSTOM, POLICY AND USAGE OF

18. CONDONING SYSTEMIC PRACTICE, THE CITY CONDONE'S THIS PRACTICE, OF RACIAL PROFILING

19. AFRICAN-AMERICANS WITH PRIOR CRIMINAL RECORDS WITH THE INTENT TO FALSELY ARREST AND

20. IMPRISON ARRESTEE WITHOUT JUST CAUSE, WHICH WILL BECOME MORE SELF-EX-PLANATORY IN

21. SECOND/RETRIAL ALSO,     OFFICER GONZALEZ'S WAS FULLY AWARE THAT THE PLAINTIFF WAS A VICTIM

22. OF A CRIME, ANY REASONABLE PERSON WOULD KNOW, IF TWO PEOPLE HAD A FIGHT, WHICH HE WAS

23. INFORMED, AND HAD NO REASON TO DISPUTE, FOR BOTH PARTIE'S ACKNOWLEDGE, JUST PRIOR, AND THEN SOME

24. MILE AND A HALF AWAY, THE SAME TWO INDIVIDUALS, WHERE ONE CRASHS INTO THE OTHER AT

25. A STOP SIGN AT A HIGH SPEED OF 35 TO 40 MPH, WHILE THE OTHER IS OBEYING TRAFFIC LAWS, THERE

26. IS PROBABLE CAUSE THIS IS AN INTENTIONAL ACT OF PURSUING OR CHASING SOMEONE, AND NO INDICATION

27. OF AVOIDING A CRASH, AN ACT OF ASSAULT, BUT ALL OF THIS WAS IGNORED, IN FAVOR OF

28. PURSUING THE INDIVIDUAL "PLAINTIFF" FOR AN ARREST FOR DUI, IN WHICH NO DRIVING ELEMENT

1  WAS OBSERVED, NO INDICATION OR REPORTS OF IMPAIRED DRIVING, AND WAS REAR-ENDED AND

2  OBVIOUSLY NOT AT FAULT, AND THE COFFEE MUG WITH 2.0% FULL OF ALCOHOL, STANDING UPRIGHT

3  ON THE FLOOR IN THE BACK SEATING AREA, WOULD NOT TILTED OR SURVIVE A CRASH AT THAT HIGH

4  SPEED, AND SPLASH 4 FEET IN THE AIR GO OVER THE FRONT PASSENGER SEAT AND BACK SUPPORT AND

5  LAND ONLY ON THE SITTING AREA, NOT REASONABLE FOR AN OFFICER WHO IS TRAINED FOR DUI.

6  ARREST, OR ASSAULT, THIS WAS NOT EVEN REASONABLE SUSPICION, AND DEFINITELY NOT PROBABLE CAUSE

7  AS RETRIAL CLEARLY WILL SUPPORT ALSO.

8              OFFICER GONZALEZ IN THE RETRIAL

9  DISTRICT ATTORNEY "DAN LINK" UNDER HIS POWER AS A COUNTY OFFICER, CONSTITUTION OF CALIFORNIA

10  ART. XI, SEC 4, 1, APPOINTED ARRESTING OFFICER OF SAN DIEGO CITY POLICE, NICHOLAS

11  GONZALEZ, THE PEOPLE'S PERSONAL INVESTIGATOR, THE DA'S ACTION WAS THAT OF A POLICY MAKER

12  FOR THE COUNTY, AS A COUNTY OFFICER, NOT A PROSECUTORIAL ACT, OR A COMMENCEMENT OF

13  PROSECUTION, THEREFORE NOT ACTING ON BEHALF OF THE STATE, OFFICER GONZALEZ ONLY HAD AUTHORITY

14  TO INVESTIGATE IN SAN DIEGO COUNTY, NOT THE WHOLE STATE, AND WAS PAID OUT OF COUNTY FUNDS.

15     THIS APPOINTMENT OF THE ARRESTING OFFICER AS PROSECUTIONS INVESTIGATOR FOR THE PEOPLE

16  TAINTED THE OFFICER, AS HE ALSO TESTIFIED AGAINST THE PLAINTIFF, ANY REASONABLE PERSON ASSIGNED

17  SUCH DUTIES WOULD INCURE AN OBLIGATION BIAS IN FAVOR OF PROSECUTION, THIS ACT ALSO

18  ESTABLISH'S A CO-OPERATIVE COMMUNICATION VIOLATES PROTECTION OF ACCUSED, 5+n.

19        AFTER THE ACQUITTAL OF V.C. 23152 (b), THE SECOND TRIAL WAS

20        BEGUN WITHOUT PROBABLE CAUSE FOR CHARGING CRIME, WAS ONLY

21        PRODUCT OF MALICIOUS PROSECUTION

22  IN THE SECOND TRIAL/RETRIAL, THE PLAINTIFF WAS CHARGE WITH THE MISTRIAL COUNT ONE, VEHICLE

23  CODE 23152 (a), DRIVING UNDER THE INFLUENCE OF ALCOHOL, NOW THAT IT IS A CONCLUSIVE

24  PROVEN FACT, THAT THE PLAINTIFF'S BLOOD ALCOHOL BY WEIGHT WAS NOT .08 OR ABOVE, THEREFORE

25  THEIR NO PRESUMPTION FACTOR, AND THE PLAINTIFF WAS DRIVING LEGALLY, NOT OVER THE LIMIT,

26  FOR A CONVICTION FOR 23152 (a), IT MUST BE PROVEN THE PLAINTIFF DROVE WHILE UNDER THE

27  INFLUENCE, BUT THERE HAS NEVER BEEN ANY PROBABLE CAUSE TO SUPPORT THAT FACT, NO OBSERVED

28  DRIVING ELEMENT, NO REPORTS OF IMPAIRED DRIVING, NO RUNNING RED LIGHTS, NOTHING, AND TO

1  BE REAR-ENDED BY ANOTHER VEHICLE IS NOT PROBABLE CAUSE THAT THE PLAINTIFF WAS UNDER

2  THE INFLUENCE, THE PROBABLE CAUSE WOULD LIE ON THE PERSON AT FAULT, WHICH IN THIS CASE

3  IS DENG, AS ESTABLISH, THEIR HAS, AND ONLY BEEN A MERE SUSPICION FROM THE START, AND

4  THAT SUSPICION HAS PROVEN TO BE INVALID BY THE JURY'S VERDICT ON VC. 23152 (b), THUS

5  THE ARREST WAS MADE WITHOUT PROBABLE CAUSE, A FALSE ARREST

6       IN THE FIRST TRIAL OFFICER GONZALEZ TESTIMONY, COULD NOT EXPLAIN HOW THE COFFEE

7  MUG 20% FULL SITTING UPRIGHT ON THE FLOOR, BEHIND THE FRONT PASSENGER SEAT, AND NO SPILL

8  IN THAT GENERAL AREA, BUT THEN A SPILL ON THE FRONT PASSENGER SEAT, SITTING AREA- IN THE

9  RETRIAL/SECOND TRIAL IN COLLABORATION WITH PROSECUTION TO OBTAIN A CONVICTION AND CONFINEMENT

10  OFFICER GONZALEZ NOW UNDER OATH STATED THE SPILL ON THE FRONT SEAT WAS A SPLASH-FORWARD

11  FAN-SHAPED, TO SUPPORT SOMEHOW THE HAD SPLASH FROM THE BACK AREA FORWARD ON THE

12  FRONT SEAT, ON CROSS-EXAMINATION HE ADMITTED THAT HE HAD NEVER DESCRIBED THE SPLASH

13  MARKS IN THAT MANNER UNTIL THE SECOND TRIAL.

14       OFFICER GONZALEZ AGAIN CHANGE HIS STORY TO COLLABORATE WITH PROSECUTION, UNDER

15  OATH, HE NOW STATED HE WAS NOT AWARE OF A FIGHT OR INDICATIONS OF A FIGHT ON PLAINTIFF'S FACE,

16  BUT HE CONCEDED THAT PLAINTIFFS BOOKING PHOTOGRAPH DID SHOW SUCH BRUISES ON CROSS-

17  EXAMINATION , NO REASONABLE PERSON OR OFFICER GONZALEZ, WOULD THINK HE HAD

18  PROBABLE CAUSE TO SUSTAIN AN ARREST FOR D.U.I., AS HE STILL TESTIFIED IN THE RETRIAL,

19  WHEN HE TESTIFIED TO AN ARREST FOR DUI, WAS NOT REASONABLE AND HAD NO PROBABLE CAUSE

20  AND HE KNEW THIS PRIOR TO THE RETRIAL, YES, THE PROSECUTION SHOULD HAVE VACATED THAT

21  CHARGE , BUT HE STILL TESTIFIED TO JUSTIFY THE DUI ARREST, REASONABLY HE HAD A BIAS

22  OBLIGATION AS THE PROSECUTIONS INVESTIGATOR AND WAS TAINTED, THE COURSE OF ACTION WAS

23  EXTENDED TO FABRICATING EVIDENCE, WILLFULLY ADMITTING TO ERROR'S, CHANGING STATEMENTS UNDER

24  OATH, FALSE STATEMENTS, NO PROBABLE CAUSE, RECKLESS REGARD TO THE PLAINTIFFS FEDERAL

25  RIGHTS.   ON APRIL 17, 2006, THE PLAINTIFF IN THE SECOND TRIAL WAS CONVICTED OF A

26  VIOLATION OF VEHICLE CODE 23152 (a)- DRIVING UNDER THE INFLUENCE OF ALCOHOL, WITH NO FINDING

27  ON ANY ENHANCEMENT, V.C. 23152 (a) ITSELF IS A MISDEMEANOR VIOLATION , ON JUNE 14,

28  THE PLAINTIFF RECEIVED A LETTER FROM THE CITY ATTORNEY'S OFFICE OF SAN DIEGO

PAGE 3 (E)

1  - MICHAEL J. AGUIRRE, AFTER THE CONVICTION, NOW ACKNOWLEDGING THAT THE PLAINTIFF WAS A

2  VICTIM OF A CRIME, SIX AND A HALF MONTHS LATER FROM THE DECEMBER 1, 2005 INCIDENT, THIS

3  CONFIRMS THAT THE CITY CONDONE'S THE SYSTEMIC PRACTICE OF RACIAL PROFILING OF INDIVIDUALS WITH

4  PRIOR CRIMINAL RECORDS THAT RESULTED IN MALICIOUS INTENT TO FALSELY ARREST AND UNLAWFULLY

5  IMPRISON ARRESTEE WITHOUT JUST CAUSE, PER THE FACT THAT THE VICTIM OF A CRIME WAS INDEED

6  THE PLAINTIFF, THIS FACT WAS IGNORED OR HIDDEN TO DISCLOSE TO A JURY OR JUDGE UNTIL AFTER

7  A CONVICTION WAS MADE, PER IF DISCLOSE BEFORE A CONVICTION, IT WOULD HAVE A SIGNIFICANT

8  IMPACT AND HURT THE PROSECUTION'S CASE. FURTHERMORE ON OCTOBER 30, 2006, AT SENTENCING OF

9  SAID CASE # SCD195342 OF SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO,

10 IN DEPARTMENT 6, THE COURT SENTENCED THE PLAINTIFF TO AN UNAUTHORIZED SENTENCE BY

11 PENAL CODE, THE PRONOUNCEMENT OF JUDGMENT IS TO A VIOLATION OF VEHICLE CODE 23152 (A),

12 THE COURT DID NOT PRONOUNCE ANY FINDING ON A ENHANCEMENT, AND UNDER CALIFORNIA LAW

13 PUNISHMENT FOR A VIOLATION OF VC. 23152, WITHOUT A FINDING ON A ENHANCEMENT IS NOT

14 AUTHORIZED FOR STATE PRISON CONFINEMENT, THE VIOLATION ITSELF IS A MISDEMEANOR, THE

15 COURT SENTENCED THE PLAINTIFF TO 3 YEARS, UPPER TERM AND A 1 YEAR PRISON PRIOR, WHICH

16 IS NOT AUTHORIZED AND THE PRISON PRIOR WAS IMPROPERLY ADDED, ALL OF OFFICER GONZALEZ

17 ACTION'S AND COURT WERE OBJECTED TOO IN THE PROCEEDINGS

18      ON THIS COUNT 1, THE PLAINTIFFS AS IN ALL COUNTS IS ONLY SEEKING MONETARY

19 DAMAGES AGAINST OFFICER NICHOLAS GONZALEZ INDIVIDUALY AND IN HIS OFFICIAL CAPACITY, THE

20 CITY OF SAN DIEGO, FOR FALSE ARREST THAT LED TO FALSE IMPRISONMENT, PROBABLE CAUSE FOR

21 PURPOSES OF A MALICIOUS PROSECUTION, MALICIOUS PROSECUTION, " LIABILITY FOR INJURIES, GOV. CODE

22 § 820, 822.2, "COMPENSATION - CIVIL CODE 3333", CIVIL CODE PERSONAL RIGHTS § 52.3

23 CODE CIV. P § 1029, CIVIL CODE RELIEF § 3281, 3283, ALL WITHIN CCP § 340.3, PUNITIVE

24 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS NOT WITHIN, PERSONAL RIGHTS § 52 (A), (C)

25 CRUEL AND UNUSUAL PUNISHMENT FOR PLAINTIFF HAS DILIGENTLY SEEKED RELEASE FOR A CORRECTION OF AN

26 UNAUTHORIZED SENTENCE, WHICH KEEPS GETTING DENIED PENDING APPEAL

27

28

Count 2:  The following civil right has been violated: 6th Amend. Witness in his favor, Right to compel

(E.g., right to medical care, access to courts,

→ Due Process, Brady Violation, 14th Amend. - Equal Protection of Law, 5th Due Process, 8th Amend - Cruel

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,

etc.) - And Unusual Punishment

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

THE PLAINTIFF ASSERTS THAT IN CASE# SCD195342, SUPERIOR COURT OF CALIFORNIA, IN AND FOR THE

COUNTY OF SAN DIEGO, 220 WEST BROADWAY, SAN DIEGO, CA. 92112, INVOLVING TWO TRIALS OF WHICH

THE FIRST TRIAL PERTAINS TO ON DECEMBER 20, 2005, AN INFORMATION WAS FILED CHARGING PLAINTIFF

WITH TWO COUNTS INVOLVING A SINGLE INCIDENT OF ALLEGEDLY DRIVING UNDER THE INFLUENCE OF ALCOHOL,

COUNT ONE WAS CHARGED A VIOLATION OF VEHICLE CODE SECTION 23152, SUBDIVISION (a) - DRIVING UNDER

THE INFLUENCE OF ALCOHOL, AND COUNT TWO ALSO SECTION 23152, SUBDIVISION (b) - DRIVING UNDER THE

INFLUENCE OF ALCOHOL WITH A BLOOD ALCOHOL CONTENT OF .08 OR ABOVE, THE PLAINTIFF PLEAD NOT

GUILTY, AND IN FEBRUARY OF 2006, THE CASE WENT TO TRIAL, BY JURY, TRIAL CONCLUDED ON FEBRUARY

17, 2006, AS TO COUNT ONE, A MISTRIAL WAS DECLARED, AND AS TO COUNT TWO, THE JURY ACQUITTED

PLAINTIFF OF DRIVING WITH A BLOOD ALCOHOL LEVEL OF .08 OR ABOVE.

THE DISTRICT ATTORNEY DAN LINK, REFILED ON THE MISTRIAL COUNT VEHICLE CODE 23152 (a),

UPON OBJECTION FOR DOUBLE JEOPARDY IT WAS GRANTED "A NEW TRIAL" ACTUALLY A RETRIAL. THE PLAINTIFF

ASSERTS THAT HONORABLE JUDGE ALBERT HARUTUNIAN III, SO, ACT TO AND EMPOWER-ED DISCRIMINATION,

VIOLATED PLAINTIFF'S RIGHTS UNDER THE CIVIL RIGHTS ACT OF 1964, 42 U.S.CA § 1981 EQUAL RIGHTS UNDER

THE LAW, IN PRE-TRIAL OF THE SECOND TRIAL ON OR ABOUT APRIL 6, 2006, DISTRICT ATTORNEY DAN LINK IN

OPEN COURT, IN REFERENCE THAT HE HAD CONTACT WITH A WHITE FEMALE JUROR FROM THE FIRST TRIAL, THAT

SHE INFORMED HIM THAT THE 2 'BLACK JURORS "ONLY BLACK JURORS" IN THE FIRST TRIAL STATED THEY

WOULD NOT CONVICT THE PLAINTIFF THEN DEFENDANT OF ANYTHING, DAN LINK STOOD UP IN COURT AND

STATED TO JUDGE HARUTUNIAN III "HOW DO WE KNOW IF THESE TWO "BLACK JUROR'S" DID NOT INFLUENCE

THE REST OF THE JURY NOT TO CONVICT THE DEFENDANT, I IMMEDIATELY SAID TO DEFENSE ATTORNEY

GREG TURNER "THAT'S A RACIST STATEMENT AND TO OBJECT, WHICH HE DID, JUDGE HARUTUNIAN ISSUED A

OUT OF COURTROOM SIDEBAR, WHEN DEFENSE COUNSEL TURNER CAME BACK 5 MINUTES LATER, HE SAID

JUDGE HARUTUNIAN IS ALLOWING IT, IN THE SUBSEQUENTLY FOLLOWING JURY SELECTION, DISTRICT ATTORNEY

DAN LINK WAS ENSURING NO AFRICAN AMERICANS "BLACKS" TO BE ON THE JURY, WHEN EVER A

BLACK WOULD GET TO THE PANEL, HE SYSTEMATICALLY USE HIS PEREMPTORY CHALLENGES TO ELIMINATE

THEM, 3 IN TOTAL, DEFENSE HAD SELECTED THE LAST BLACK POTENTIAL JUROR FOR THE PANEL,

1  DEFENSE COUNSEL GREG TURNER, SAID HE IS GOING TO REMOVE THE LAST BLACK POTENTIAL JUROR

2  "REFERRING TO DAN LINK", I TOLD GREG, HE'S MAKING SURE NO BLACKS ARE ON THE JURY, THIS IS

3  RACIST, DO SOMETHING, WHICH TURNER DID, AN OBJECTION, AGAIN JUDGE HARUTUNIAN, DAN LINK, AND

4  GREG TURNER AND COURT REPORTER LEFT THE COURT ROOM, WHEN DEFENSE COUNSEL TURNER CAME

5  BACK, AGAIN HE SAID JUDGE HARUTUNIAN IS GOING TO ALLOW IT., THEN FOR SURE DAN LINK

6  CONTINUED HIS SYSTEMATIC EXCLUSION OF BLACKS ' AFRICAN AMERICAN USED HIS PEREMPTORY

7  CHALLENGE AND REMOVED THE LAST POTENTIAL AFRICAN AMERICAN, DUE TO DAN LINK'S STATEMENT

8  ABOUT THE BLACK JURORS OF THE FIRST, IT CAN'T BE OVERLOOKED, HE WAS NOT AWARE OF HIS ACTIONS,

9  AND JUDGE HARUTUNIAN III WAS ALSO AWARE ; AND WAS FINAL POLICY MAKING AUTHORITY

10  THE DISTRICT ATTORNEY DAN LINK WAS CLEARLY VIOLATING THE CIVIL RIGHTS ACT OF 1964,

11  § 1981 EQUAL RIGHTS, THE JUDGE HAD THE POWER TO STOP IT, BUT NOT ONLY DID HE CONDONE IT, HE

12  EMPOWER IT, THE PLAINTIFF ASSERTS THAT ABSOLUTE IMMUNITY IS NOT A GIVEN IN LIGHT OF

13  DISCRIMINATION, AND THE PLAINTIFF ASSERTS TO THIS COURT, WHEN THIS COURT ASSEMBLES ALL THE

14  ACTIONS FOLLOWING THIS ONE, IN THIS CLAIM BY JUDGE ALBERT HARUTUNIAN III IS DISCRIMINATING AGAINST

15  THE PLAINTIFF

16  CLEAR ABSENCE OF JURISDICTION

17  COURT PROCEEDINGS, CRIMINAL RECORDS ARE PUBLIC RECORDS, CAN BE OBTAIN BY THE PUBLIC, THE

18  PLAINTIFF'S ACQUITTAL IN THE FIRST TRIAL OF SAME CASE ⁺ SCD195342, DIFFERENT COURT ROOM

19  AND JUDGE, COURT RULES SET BY JUDGE HARUTUNIAN III OF THE RETRIAL ON OR ABOUT APRIL 10, 2006

20  WAS THE JURY IS NOT TO KNOW THE PLAINTIFF/ DEFENDANT WAS ACQUITTED OF VEHICLE CODE 23152 (b),

21  THE JURY IS NOT TO KNOW THERE WAS A FIRST TRIAL, THE JURY IS NOT TO KNOW THIS IS A RETRIAL,

22  AND ANY REFERENCE TO THE FIRST TRIAL IS TO BE REFERRED TOO AS A PRIOR HEARING, AND THE JUDGE

23  REFUSE TO LET DEFENSE IN ANY MANNER, BRING IN THE ACQUITTAL OR KNOWLEDGE OF THE PREVIOUS TRIAL.

24  THE JUDGE ACTED IN CLEAR ABSENCE OF JURISDICTION, AND WAS ANOTHER STEP IN DISCRIMINATING

25  AGAINST THE PLAINTIFF, THE JUDGE HAS NO JURISDICTIONAL AUTHORITY TO DENIED ACCESS TO A PUBLIC

26  RECORD AND THE RIGHT TO PRESENT IT AS EVIDENCE FAVORABLE TO THE DEFENDANT, A PUBLIC RECORD

27  WHICH IS A MATERIAL WITNESS WITH A PROVEN FACT, THE JUDGE'S JURISDICTIONAL DEFECT WAS NOT ONLY

28  A BRADY VIOLATION, BUT SHIFTED THE BURDEN OF PROOF TO NOW AS THE PETITIONER RATHER PLAINTIFF

1 HAS TO PROVE TO THE JURY THAT HE WAS NOT DRIVING UNDER THE INFLUENCE WITH A

2 PRESUMPTION TO CONCLUDE IF THE PLAINTIFF'S BLOOD ALCOHOL LEVEL WAS .08 OR ABOVE, THAT

3 HE WAS DRIVING UNDER THE INFLUENCE, WHICH WAS A ISSUE OF FACT, A FINAL JUDGMENT DECIDED

4 IN THE FIRST TRIAL OF THE SAME PARTY AND SAME ACTION "COLLATERAL ESTOPPEL, PER THE JUDGE

5 HARUTUNIAN III GAVE THIS JURY INSTRUCTION PER CAL CRIM INSTRUCTION 2110.

6      IF THE PEOPLE HAVE PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT'S

7      BLOOD ALCOHOL LEVEL WAS .08 PERCENT OR MORE AT THE TIME OF THE CHEMICAL

8      ANALYSIS, YOU MAY, BUT ARE NOT REQUIRED TO, CONCLUDE THAT THE DEFENDANT

9      WAS UNDER THE INFLUENCE OF AN ALCOHOLIC BEVERAGE AT THE TIME OF THE

10      ALLEGED OFFENSE

11 WHICH THE PLAINTIFF DID OBJECT TO ALL IN THIS CLAIM, PER ALSO UPON OBJECTION THE JUDGE

12 ALLOWED FOR PROSECUTION TO PRESENT IN EVIDENCE THE FIELD SOBRIETY TEST AND THE BREATH INTOXILIZER

13 TEST RESULTS OF .17, THESE ACTIONS WERE SIGNIFICANT AND POWERFUL TO THE JURY, PER THERE IS

14 A PRESUMPTION FACTOR IN V.C. 23152 (b), AND YOU DO NOT NEED TO PROVE IMPAIRED DRIVING BUT IN

15 VC 23152 (a) YOU DO NEED TO PROVE, WITH THAT INSTRUCTION AND THE ALLOWANCE OF THE

16 BREATH TEST OF .17 ALONE, EVERY JURY WOULD CONVICT, BUT IF THE JURY HAD THE PROPER

17 INSTRUCTION, THAT THE PLAINTIFF WAS DRIVING WITH A BLOOD ALCOHOL LEVEL OF .08 OR ABOVE,

18 IN THAT NATURE, MORE THAN LIKELY A JURY WOULD NOT CONVICT, THE JUDGE'S ACTION WERE JUST

19 ANOTHER STEP IN DISCRIMINATION, BUT HE WAS NOT DONE

20      ON APRIL 17, 2006, THE JURY CONVICTED THE PLAINTIFF ON A VIOLATION OF VEHICLE CODE

21 23152 (a), DRIVING UNDER THE INFLUENCE OF ALCOHOL, THEN ON SENTENCING OCTOBER 30, 2006, DISTRICT

22 ATTORNEY DAN LINK, STIPULATED HE HAD A STATEMENT OF AGGRAVATION SO THAT JUDGE HARUTUNIAN

23 COULD SENTENCE THE PLAINTIFF/DEFENDANT TO AN UPPER TERM OF 3 YEARS, AND THE FACT THAT

24 CALIFORNIA RULES OF COURT SAY THE STATEMENT HAS TO BE FILED 4 DAYS BEFORE SENTENCING

25 AND THE FACT AS WILL BE SEEN ON ANOTHER COUNT OF THIS CLAIM, THE D. A. FABRICATED THE

26 EVIDENCE, AND BESIDES THAT CAL RULES OF CT. 4.437 SAY, STIPULATE THE STATEMENT IS A

27 DOCUMENT, AND DEFENSE REQUESTED A CONTINUANCE, ON THE STATEMENT FOR TIME TO GO OVER

28 IT, THE JUDGE DENIED IT, BUT WHAT IS CRUCIAL IS THEIR WAS NEVER A DOCUMENT SUBMITTED,

1  THEREFORE, JUDGE HARUTUNIAN, DAN LINK AND DEFENSE COUNSEL ALL PRETENDED THAT THEIR

2  WAS A ACTUAL DOCUMENT, THEIR IS NO STATEMENT OF AGGRAVATION DOCUMENT ON OR IN THE

3  RECORD ON APPEAL, ALSO BACK ON JUNE 16 AR ABOUT WHEN THE PLAINTIFF WAS TRYING TO

4  FIRE, DISCHARGE DEFENSE COUNSEL GREG TURNER, JUDGE HARUTUNIAN STATE HE IS NOT INCLINED

5  TO RELIEVE MR TURNER, UNTIL THIS BIFURCATION ISSUE IS RESOLVED, PLAINTIFF DID NOT KNOW

6  WHAT IT WAS AT THE TIME, DID NOT KNOW WHAT BIFURCATION MEAN'T, ALL PARTIE'S WERE MISLEADING

7  THE PLAINTIFF THAT DAY, FOR THE PLAINTIFF DID NOT KNOW OR LEARN UNTIL AFTER SENTENCING WHAT

8  HAPPEN THAT DAY, THE RECORDS STATE THIS WAS A TRIAL, THEIR IS ONE MORE ACTION FROM JUDGE

9  HARUTUNIAN, BUT ALL OF THESE ACTS, CLEARLY ILLUSTRATE S THE JUDGE IS NOT ACTING JUDICIAL, BUT

10  IS USING HIS POWER TO DISCRIMINATE, SEE EXHIBIT "PO-1" THE JUDGE'S ACTIONS WERE NOT OF A

11  JUDICIAL AUTHORITY OVER TWO OPPOSING PARTIES, IT WAS MORE OF A WITNESS FOR PROSECUTION WITH

12  DELEGATING AUTHORITY OF RACISM, THIS IS MODERN DAY RACISM, THE STATEMENT OF AGGRAVATION HAD

13  NO FORMAL PROOF, PROVIDED TO THE COURT, NO FACTS AT ALL AND WAS SUPPOSELY WAS THE

14  SAME AS A PROBATION REPORT, WHICH PLAINTIFF HAS NEVER SEEN THE PROBATION REPORT, THERE ARE

15  ISSUE'S WITH DEFENSE COUNSEL, TWO STATE BAR COMPLAINT WERE SUBMITTED, WHICH PLAINTIFF WILL ADDRESS

16  AFTER INCARCERATION, THE D.A. PROVIDED NO PROOF ON THE NUMEROUS CONVICTIONS, HE STATED WAS

17  IN HIS NON-EXISTENT DOCUMENT, ONLY RELYING A PROBATION REPORT, NOT MADE UNDER OATH AND

18  NOT VERIFIED, BEFORE JUDGE HARUTUNIAN III DENIED THE CONTINUANCE REQUEST BY DEFENSE FOR TIME TO

19  GO OVER THIS STATEMENT OF AGGRAVATION, JUDGE HARUTUNIAN STATED TO DEFENSE I'LL GIVE YOU 5 MINUTES

20  TO LOOK IT OVER AND TELL ME WHY I SHOULD GRANT A CONTINUANCE, BUT THE DOCUMENT DID NOT EXIST,

21  WHEN THE JUDGE SENTENCED THE PLAINTIFF, HE PRONOUNCE JUDGMENT TO A VIOLATION OF VS. 23152 (a),

22  HE MADE NO FINDING ON AN ENHANCEMENT, WHICH IS A MISDEMEANOR WITH NO ENHANCEMENTS, THEN

23  HE SENTENCED THE PLAINTIFF TO 3 YEARS, UPPER TERM AND A PRISON PRIOR UNDER 667.5 (b) FOR

24  ONE YEAR, CONFINEMENT IN STATE PRISON, WHICH IS UNAUTHORIZED BY THE PENAL CODE & VEHICLE CODE

25  23152 (a), ALSO ON THE "RECORD ON APPEAL" THEIR IS NO PROOF OF PLAINTIFF ON PAROLE OR

26  PRIOR CONFINEMENT, THIS IS NOT THE ACTS OF A COURT, TO BLATANTLY DISREGARD THE U.S. CONSTITUTION

27  FEDERAL RIGHTS, IT'S OWN RULES OF COURT, AND ETHICS, IT'S RACISM. YOU MUST OBSERVE, NOW LETS

28  TAKE A LOOK AT THE FACTS IN SHORT FOR "MODERN DAY RACISM", THE PLAINTIFF

PAGE 4 (C)

1  IS DOING 4 YEARS IN STATE PRISON, WHICH IS ALMOST COMPLETE FOR " BEING THE VICTIM OF A CRIME,

2  GETTING REAR-ENDED AT A STOP SIGN, CONVICT OF DRIVING UNDER THE INFLUENCE OF ALCOHOL,

3  THAT NOBODY SAW HIM DRIVING, AND NO EVIDENCE OR REPORTS OF IMPAIRED DRIVING, TRAFFIC

4  VIOLATIONS, ALL WITH DRIVING UNDER THE LEGAL LIMIT OF .08" ) THE FACTS ARE CLEAR, MODERN

5  DAY RACISM.    THE PLAINTIFF ASSERTS THAT HONORABLE JUDGE ALBERT HARUTUNIAN III  FOR

6  ACTS OF DISCRIMINATION AGAINST THE CIVIL RIGHTS ACT 1964, 42. USCA. § 1981. EQUAL RIGHTS,

7  AND A ACT IN CLEAR ABSENCE OF JURISDICTION IS NOT GRANTED ABSOLUTE IMMUNITY, AND

8  PLAINTIFF IS SEEKING MONETARY DAMAGE'S ONLY, FOR DISCRIMINATION, DUE PROCESS, CRUEL

9  AND USU UNUSUAL PUNISHMENT, COMPENSATION UNDER § 2333, AND PUNITIVE, AND EMOTIONAL DISTRESS

10  - IF THE STATE IS NOT LEGALLY LIABLE FOR ANY JUDGMENT AGAINST THE NAMED INDIVIDUALS, AND LOCAL

11  GOVERNMENT, RATHER THAN THE STATE, WOULD BE RESPONSIBLE FOR ANY MONEY JUDGMENT RENDERED, AN ACTION

12  AGAINST INDIVIDUAL DEFENDANTS WHO ARE EMPLOYEES IS NOT BARRED BY THE ELEVENTH AMENDMENT

13  SEE HYLAND V. WONDER 117 F. 3d 405 (9th CIR. 1997),    ZOLIN, 812 F. 2d AT 1110-11

PAGE 4 (D)

Count 3: The following civil right has been violated: 6th Amend. right to impartial jury, 5th Amend Due
(E.g., right to medical care, access to courts,
Process, 14th Amend - Equal Protection of the law, 5th Amend - Double Jeopardy, 8th Amend. cruel and unusual.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.) Punishment

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant,
by name, did to violate the right alleged in Count 3.]

The plaintiff asserts that district attorney Dan Link, a county officer for the county of
San Diego, in California, violated his constitutional rights of the 6th amend right to an
impartial jury, and further violations of §1981 Equal rights, civil rights act of 1964, in the
retrial of count; vehicle code 23152 (a), -driving under the influence of alcohol, in pre-trial
on or about April 6, 2006, Dan Link in reference that he had contact with a white female juror
from the first trial -

"The first trial of which the plaintiff was charged with V.C. 23152 (a) count one,
and count two VC. 23152 (b) -driving with a blood alcohol content of .08 or above
the first trial concluded on February 17, 2006, the jury acquitted plaintiff of
count 2 vehicle code 23152 (b), and mistrial on count 1, VC 23152 (a)

- The white female juror told him that the two black jurors of the first trial "only black
jurors" had stated they would not convict the defendant "plaintiff" of anything, Dan Link
stood up in open court and stated to judge Harutunian, how do we know these 2 "black jurors"
did not influence the rest of the jury not to convict the defendant, I immediately said to defense
counsel Greg Turner, thats a racist statement, object, which he did, the court issued a sidebar out
of the court room, when defense counsel came back 5 minutes later or so, he stated the judge is allowing
it.    In the subsequent jury selection, district attorney Dan Link ensured no blacks to be on
the jury, every potential black juror, that made it to the panel he systematically use his
peremptory challenges to remove them, when it came down to only one african american
"black remaining for a potential juror, defense had selected the last black potential juror for
the panel, defense counsel turned, said the D.A. is going to remove that last black juror,
I told Greg he's making sure no blacks are on the jury, this is racist, do something, Greg
did an objection, again the court issued an out of court room sidebar, when Turner came back
he said the judge is going to allow it, right after Dan Link continued his systematic exclusion
of black jurors, he again use his peremptory challenge and removed the last potential african
american "black", per Dan Links earlier racist statement, and the defense objections,

1  IT CAN'T BE OVERLOOKED, THAT HE WAS NOT AWARE OF HIS ACTIONS, THIS WAS AN INTENTIONAL ACT,

2  THIS WAS THE FIRST OF MANY, THE PLAINTIFF ASSERTS THIS COURT TO KEEP ASSEMBLING THE VIOLATIONS

3  IT IS MODERN DAY RACISM, THIS ACTION BY THE DISTRICT ATTORNEY DAN LINK, UNDER CALIFORNIA

4  PENAL CODE IS NOT AN ACT FOR THE COMMENCEMENT OF PROSECUTION FOR AN OFFENSE, WHICH IS

5  ONLY FOUR INSTANCES, THERE FORE THIS IS NOT AN ACT ON BEHALF OF THE STATE AND IMMUNITY IS

6  NOT GRANTED, THIS IS AN ACT AS A COUNTY OFFICER OF WHICH HE HAS POLICY MAKING AUTHORITY "FINAL"

7  UNDER CALIFORNIA CONSTITUTION ART. XI Sec 4, ART II § 1 LOCAL GOVERNMENT, WHICH HE HAS

8  THE POWER, A BATSON VIOLATION ALSO.

9                    BRADY VIOLATION AND MISCONDUCT-EQUAL PROTECTION

10  IN THE FIRST TRIAL OF THE SAME ACTION, THE PLAINTIFF WAS ACQUITTED OF DRIVING UNDER THE INFLUENCE

11  WITH A BLOOD ALCOHOL MEASURE OF .08 OR ABOVE, CASE# SCD198342, IN THE RETRIAL IN THE MONTH

12  OF APRIL, 2006, DEFENSE COUNSEL, OF THE COURT RULES OF WHAT THE RETRIAL JURY WAS TO KNOW,

13  THEY WERE NOT TO KNOW THIS WAS A RETRIAL, THAT THE PLAINTIFF WAS ACQUITTED OF VEHICLE CODE 23152

14  (b), AND THAT THEIR WAS A PREVIOUS / FIRST TRIAL, ANY REFERENCE WAS TO BE REFERRED AS A PRIOR

15  HEARING, CONCEIVABLE DRIVEN BY PROSECUTION, BY MOTION, THIS IS MISLEADING THE JURY, AN ATTORNEY

16  DUTIE NOT ALLOWED, DAN LINK SUPPRESS EVIDENCE THAT WAS FAVORABLE TO PLAINTIFF, A BRADY

17  VIOLATION AND VIOLATES DUE PROCESS, PLAINTIFF'S ASSERTS HE HAD A RIGHT TO CLAIM FINALITY WITH

18  RESPECT TO A FACT OR GROUP OF FACTS PREVIOUSLY DETERMINED IN HIS FAVOR UPON A PREVIOUS TRIAL

19  AGAIN NOT A PROSECUTORIAL ACT, WAS ACTING AS A COUNTY OFFICER, THIS ACT WAS INTENTIONAL

20  AND SHOWS THE EVIL INTENT PER NEXT, THE JURY INSTRUCTIONS WAS

21       IF THE PEOPLE HAVE PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT'S BLOOD

22       ALCOHOL LEVEL WAS .08 PERCENT OR MORE AT THE TIME OF THE CHEMICAL ANALYSIS,

23       YOU MAY, BUT ARE NOT REQUIRED TO, CONCLUDE THAT THE DEFENDANT WAS UNDER THE

24       INFLUENCE OF AN ALCOHOLIC BEVERAGE AT THE TIME OF THE ALLEGED OFFENSE

25  THIS TELLS THE JURY, IF PROSECUTION HAS ANY EVIDENCE THAT THE PLAINTIFF'S BLOOD ALCOHOL WAS .08

26  OR ABOVE, THAT, BY LAW THEY ARE TO PRESUME HE WAS DRIVING UNDER THE INFLUENCE, THEN DISTRICT ATTORNEY

27  PRESENTED EVIDENCE OF THE BREATH TEST THAT HAD A READING OF .17 UPON OBJECTION IT WAS

28  ALLOWED, AND LATER IN TRIAL, DAN LINK STATED TO THE JURY, THE DEFENDANT KNOWS HE WAS

PAGE 5 (A)

1  DRIVING OVER THE LIMIT, WHAT THE JURY DIDN'T KNOW, AND COULD NOT BE TOLD, AND ESTABLISH BY

2  PROSECUTION, DAN LINK AND JUDGE HARUTUNIAN WAS THAT THE PLAINTIFF WAS NOT DRIVING WITH A

3  BLOOD ALCOHOL LEVEL OF .08 OR ABOVE, AND THEY COULD NOT PRESUME OR CONCLUDE HE WAS,

4  PER HE WAS ACQUITTED OF THAT CHARGE IN THE FIRST TRIAL, THIS WAS EVIL, INTENTIONAL, WELL

5  PLANNED AND WAS MEANT TO INFLICT INJURY, VICIOUS, WHEN JURY DELIBERATED IT WAS IN TOTAL TIME

6  20 MINUTES OR SO, IT WOULD BE VERY HARD FOR ANY JURY NOT TO CONVICT IN THOSE CIRCUMSTANCES

7  THIS IS DEFINITLY MALICIOUS PROSECUTION

8                    COLLATERAL ESTOPPEL - DOUBLE JEOPARDY

9     IN THE FIRST TRIAL, PLAINTIFF WAS ACQUITTED OF VEHICLE CODE 23152 (B) DRIVING UNDER THE

10  INFLUENCE OF ALCOHOL WITH A BLOOD ALCOHOL CONTENT OF .08 OR ABOVE, THIS FACT WAS CONCLUSIVELY

11  DETERMINED BY JURY ON FEBRUARY 17, 2006, THEREFORE DISTRICT ATTORNEY DAN LINK KNEW THAT THE

12  ALCOHOL THE PLAINTIFF CONSUMED IN LARGE QUANTITYS WAS AFTER THE COLLISON, PER THIS WAS NOT AN

13  ACCIDENT, FURTHERMORE THE FIELD SOBRIETY TEST AND THE BREATH INTOXILIZER TEST OF .17 IS DEEM

14  IRRELEVANT, FOR NOW KNOWING BY LAW, THE PLAINTIFF WAS NOT DRIVING WITH A BLOOD ALCOHOL LEVEL

15  OF .08 OR ABOVE, WHAT PURPOSE WOULD THE TEST OF .17 SERVE, NOTHING UNLESS THE JURY WAS INSTRUCTED

16  THEY MAY ENTER A LESSER CHARGE OF 647, THAT IS PENAL CODE 647-DRUNK IN PUBLIC, WHICH THEY WERE NOT,

17  BUT DAN LINK AS THE FACTS ILLUSTRATE HAD DEVISED A ARTIFICE TO MISLEAD, DECEIVE, CLEVERLY, DEEP DOWN

18  EVIL, MALICIOUS TO THE PLAINTIFF WITH NO REGARDS OF THE LAW, AND TOTAL DISRESPECT TO THE LAW AS IT IS

19  WRITTEN OR CREATED,

20     HIS PLAN ARE FACTS, IN THE RETRIAL WAS FIRST NOT TO LET THE JURY KNOW THEIR WAS A FIRST TRIAL, AND

21  FOR THEM NOT TO KNOW THE PLAINTIFF WAS ACQUITTED OF THE BAC OF .08 OR ABOVE, AND THEN HE WAS GOING

22  TO INTRODUCE THE FIELD SOBRIETY TEST AND BREATH INTOXILIZER TEST OF A READING OF .17, WHICH WOULD SAY

23  THE PLAINTIFF WAS OVER THE LIMIT, PER HE KNEW THEIR WAS NO EVIDENCE TO PROVE IMPAIRED DRIVING,

24  AND NOTHING IMPLICATED PROBABLE CAUSE, SO NOW HE WAS TO HAVE JURY INSTRUCTION'S TO TELL THE JURY

25  IF HE HAS EVIDENCE THAT THE PLAINTIFFS BAC IS OVER .08, THEY ARE TO CONCLUDE HE WAS DRIVING OVER

26  THE LEGAL LIMIT, NEXT THE TESTS WERE PRESENTED TO THE JURY, AND THEN HE SNUCK, SNEAK IN THE

27  STATEMENT, THE DEFENDANT KNOWS HE WAS DRIVING OVER THE LIMIT, OF WHICH OF COURSE, OBJECTION, TO IT

28  ALL WAS MADE, HE HAD GOTTEN RID OF ALL THE BLACK JURORS, WHICH HE FELTED, AN OBSTACLE IN THE

1  FIRST TRIAL, NO MATTER HOW MANY CIVIL RIGHTS OR U.S. CONSTITUTIONAL RIGHTS WERE VIOLATED, NOTHING

2  IN THE COURT STOP HIS ACTIONS, PER IT IS PURE "MODERN DAY RACISM" AND TO CAP IT OFF AS

3  WILL BE ILLUSTRATED IN A FOLLOWING PARAGRAPH, DAN LINK FABRICATED EVIDENCE IN SENTENCING,

4  TO AGGRAVATE THE SENTENCE TO A HARSHER PUNISHMENT, THAT WAS ALLOW ALSO.

5      THE DISTRICT ATTORNEY DAN LINK INTRODUCE THE PLAINTIFFS BLOOD ALCOHOL READING OF .17

6  IN THE RETRIAL, AND HE STATED ON SEVERAL OCCASIONS THAT THE PLAINTIFF WAS DRIVING OVER THE

7  LEGAL LIMIT, PER THE BASIC PRINCIPLE OF RES JUDICATA AND COLLATERAL ESTOPPEL" THIS WAS

8  AN ERROR AND DOUBLE JEOPARDY AS UNDER THE 5th AMEND., THERE IS NO DISPUTE THAT THE PARTIES

9  IN THE FIRST TRIAL ARE THE SAME PARTIES INVOLVED IN THE SECOND TRIAL, AND THE JURY INSTRUCTION

10  IS REVERSIBLE ERROR, BUT IN THIS ACTION, PLAINTIFF SEEKS ONLY MONETARY DAMAGES

11          APPOINTED ARRESTING OFFICER AS THE PEOPLE'S INVESTIGATOR

12  DISTRICT ATTORNEY DAN LINK ALSO AS HIS POWERS AS A COUNTY OFFICER, APPOINTED IN COURT TO JUDGE

13  HAROTUNIAN, AS HE STIPULATED TO THE COURT, THAT THE CITY OF SAN DIEGO POLICE OFFICER IS NOW THE

14  PEOPLE'S PERSONAL INVESTIGATOR, THE APPOINTMENT WAS MADE UNDER THE POWERS OF THE DISTRICT ATTORNEY

15  AS A FINAL POLICY MAKER FOR THE SAN DIEGO COUNTY, PER THE CITY POLICE OFFICER WAS GIVEN AUTHORITY

16  TO INVESTIGATE ONLY WITHIN THE COUNTY, AND THIS WAS FUNDED BY THE COUNTY, THE PLAINTIFF KNOWS THIS

17  APPOINTMENT WAS MADE BEFOREHAND AND THROUGH OUT THE SECOND TRIAL, BUT NOT SURE ABOUT THE FIRST

18  TRIAL, POWER AUTHORITY UNDER CALIFORNIA CONSTITUTION ART. XI, THIS ACT TAINT THE ARRESTING OFFICER,

19  PER HE ALSO WAS TESTIFYING AGAINST THE PLAINTIFF, IN WHICH ANY REASONABLE PERSON ASSIGNED SUCH

20  DUTIES WOULD BE INCLINE AN OBLIGATION BIAS IN FAVOR OF PROSECUTION, PER HE DID OFFICER GONZALEZ

21  WAS CAUGHT UNDER OATH TWICE FABRICATING EVIDENCE, SEE COUNT 1 IN THIS CLAIM, PLAINTIFF ASSERTS

22  THIS A VIOLATION OF DUE PROCESS OF THE 5th OR 14th AMEND.

23              FABRICATING EVIDENCE

24  ON APRIL 17, 2006, IN THE RETRIAL, PLAINTIFF BY JURY WAS CONVICTED OF VEHICLE CODE 23152 (a) - DRIVING

25  UNDER THE INFLUENCE OF ALCOHOL, AT SENTENCING ON OCTOBER 30, 2006, DISTRICT ATTORNEY DAN LINK

26  PRESENTED, ACTUALLY HE STATED THAT HE HAD A STATEMENT OF AGGRAVATION FOR AGGRAVATING THE

27  SENTENCE, DEFENSE COUNSEL MICHAEL SHUNK REQUEST A CONTINUANCE, PER THE STATEMENT WAS JUST

28  INTRODUCED THAT DAY, GREG TURNER HAD BEEN DISCHARGED BY PLAINTIFF, THOUGH HE WAS THERE,

1. JUDGE HARUTUNIAN IS NOT INCLINE TO GRANT THE CONTINUANCE, DAN LINK-PROSECUTION SAYS IT'S THE

2. SAME AS WHAT IS IN THE PROBATION REPORT, AND THEY SHOULD ALREADY KNOW, THE COURT GAVE A RECESS

3. FOR DEFENSE COUNSEL, PER JUDGE STATED HE WOULD GIVE A 15 MIN BREAK, AND DEFENSE COULD COME UP

4. WITH WHY HE SHOULD GRANT A CONTINUANCE, WHEN HE CAME BACK HE DENIED THE CONTINUANCE

5. SEE EXHIBIT "A01", DEFENSE COUNSEL MICHAEL SHUNK SHOW THE PLAINTIFF A SHEET OUT OF THE

6. PROBATION REPORT OF WHICH I HAD NEVER SEEN THE PROBATION REPORT, I IMMEDIATELY OBJECTED TO WHAT

7. I SAW 2 ARIZONA CONVICTIONS FOR D.U.I., A' 1983 FELONY, AND A 1998 FELONY BOTH CONVICTIONS,

8. DAN LINK STATED THE STATEMENT OF AGGRAVATION CONTAINS, HE NAMED THE 2 ARIZONA CONVICTIONS

9. FOR D.U.I. 'A 1993 FELONY CONVICTION FOR D.U.I. AND A 1998 FELONY CONVICTION, AMONG OTHERS,

10. AND AS TO MY OBJECTION OF THE 1983 FELONY CONVICTION, DAN LINK STATES ALL UNDER OATH, THAT

11. IN 1983, I WAS IN SOME KIND OF PRISON CAMP, HE ALSO STATED THAT THE PLAINTIFF WAS UNFIT FOR

12. SOCIETY AND SHOULD BE PUT AWAY A LONG TIME

13.    THE PROBLEM IS, I DON'T HAVE ANY ARIZONA DUI CONVICTIONS OF 1985, NONE PERIOD, AND AS

14. FOR THE 1983 DUI. CONVICTION, IT IS NOT A FELONY CONVICTION, AND I WAS NOT IN A PRISON CAMP, AND

15. THE 1998 CONVICTION WAS A MISDEMEANOR SEE ACCOMPANYING EXHIBITS'S

16.    DISTRICT ATTORNEY DAN LINK NOT ONLY WAS FABRICATING EVIDENCE, ALSO THEIR IS NO

17. STATEMENT OF AGGRAVATION EVER FILED, HE NEVER HAD ONE, DAN LINK MAKING UP 2 ARIZONA CONVICTIONS,

18. KNOWING HE COULD NEVER PROVE IT, FOR IT NEVER HAPPEN, HE WAS MISLEADING T. HE COURT WITH NON-

19. EXISTENT FACTS, ONLY DEFENDANT HIM SELF MADE OBJECTIONS, THE COURT OR D.A. DAN LINK TO PROVE

20. OUTSTATE CONVICTION ARE ANY CONVICTION, IT WOULD SIMPLE TO PRODUCE A DOCUMENT, AND THEN

21. DAN LINK STATING STATED THEIR WAS A 1993 FELONY CONVICTION AND THE PLAINTIFF WAS IN SOME KIND

22. OF PRISON CAMP, ANY REASONABLE PERSON, SPECIFICALLY AN ATTORNEY WOULD KNOW, CALIFORNIA

23. PENAL CODE 1203 (a), WOULD KNOW THAT UNSUPERVISED PROBATION. COURT PROBATION IS A CONDITIONAL

24. SENTENCE" AND CAN ONLY BE MADE IN MISDEMEANOR, NOT AUTHORIZED IN FELONY CONVICTIONS, AND FORMAL

25. FELONY PROBATION WAS ERRONEOUS, PER FORMAL PROBATION IS MEASURED BY THE EXISTENCE OF SUPERVISED

26. PROBATION AND PENAL CODE 1203.4a "CONDITIONAL SENTENCE RELIEF, A CRIMINAL DEFENDANT TO BE IMPEACHED

27. WITH A FELONY PRIOR IS NOT APPLICABLE " WHICH IT WAS COMPLETED SUCCESSFULLY "COURT PROBATION, THAT IS,"

28. AND THEN TO ADD MORE FALSE INJURY, WHEN HE STATED PLAINTIFF HAS A 1998 FELONY

1  IN JULY OF 1998, THE PLAINTIFF TOOK A PLEA, ON DAY OF TRIAL, FOR POSSESSION OF A FIREARM, OF

2  WHICH FROM THE 1993 CRIMINAL MINUTES, THER IS NO RESTRICTION ON WEAPONS, THE CONVICTION WAS A

3  MISDEMEANOR ; A SENTENCE OF 20 HRS COMMUNITY SERVICE, BOTH THE 1993, AND 1998 CASE WERE IN

4  SANTA CLARA COUNTY, IN THAT SAME COUNTY, MAY 20, 2000, THE PLAINTIFF WAS ARRESTED FOR DUI

5  CASE # CC074566, WHICH 2-14-01, THE PLAINTIFF WAS SENTENCE TO STATE PRISON, THIS IS THE

6  PRISON PRIOR THAT WAS OBTAIN ILLEGALLY, PER RIGHT IN THE MIDDLE OF THAT CASE, COURT PROCEDING OCCURRED

7  THAT THE PLAINTIFF DID NOT KNOW HAPPENED, THE D.A. IN THAT COUNTY, TOOK THE 1998 CASE # 205489

8  ON 11-22-00, AND MOVED TO THE COURT TO DESIGNATED IT AS A FELONY, THIS WAS ILLEGAL AND

9  IMPROPER, THE COURT GRANTED THE MOVE, THEN ON THE DUI CASE # CC074566, THE PLAINTIFF WAS

10  SENTENCED TO STATE PRISON FOR 16 MONTHS ON 2-14-01, THE DEFENSE COUNSEL MOTION TO VACATE

11  THE JUDGMENT OF THE MOVE ON 11-22-2000 ON FEBRUARY 8, 2001, JUST PRIOR OF THAT SENTENCING,

12  FOR THE DEFENDANT SHOULD HAVE THE OPPORTUNITY TO WITHDRAW HIS PLEA FROM JULY OF 1998, SO

13  AFTER THE COURT SENTENCE ME ON 2-14-01 WITH A IMPROPER, INVALID POST-JUDGMENT FELONY

14  DESIGNATION, ON 3-2-01, THE COURT ON THAT MOTION TO VACATE, VACATED THE POST-JUDGMENT

15  ON 11-22-2000, AND THEN DISMISS CASE # 205489, THE PLAINTIFF WAS NOT AWARE OF THESE ACTIONS

16  WHICH HE JUST RECENTLY DISCOVERD, AND WILL BE ATTACKING THE 2000-2001 CASE PER IT WAS

17  OBTAINED ILLEGALLY, THATS ANOTHER CONFIRMATION TO "MODERN DAY RACISM", BUT AS IN THIS

18  CASE DAN LINK, WAS AGAIN FABRICATING EVIDENCE PER THE CASE WAS DISMISS, AND PLAINTIFF WAS NOT

19  CONVICTED OF A 1998 FELONY, NO PROOF WAS PROVIDED TO THE COURT, BUT WAS ACCEPTED BY THE COURT

20       THEREFORE TO MAKE UP NON-EXISTENT CONVICTION, FABRICATE A MISDEMEANOR AS A FELONY,

21  FABRICATE A DISMISS CASE AS A FELONY CONVICTION, THAT WAS NEVER A FELONY VALID, IT WAS ONLY A VALID

22  MISDEMEANOR BEFORE DISMISSAL, AND UNDER CAL RULE OF CT. 4.437, A STATEMENT OF AGGRAVATION

23  NOT ONLY BE FILED 4 DAYS BEFORE SENTENCING, BUT IT IS A DOCUMENT, BUT NO DOCUMENT IS ON RECORD

24  ON APPEAL, THEREFORE ONE WAS NOT PRODUCED, THEY PRETENDED TO HAVE ONE THAT DAY AT SENTENCING

25  ALL PARTIES, AND HIS STATEMENT THAT THE PLAINTIFF IS UNFIT FOR SOCIETY, AND SHOULD BE PUT AWAY

26  A LONG TIME, ON TOP OF THE REST, THIS CONDUCT IS OUTRAGEOUS AND IS OFFENSIVE TO HUMAN DECENCY

27  IS PURE MALICIOUS, INTENTIONAL, DELIBERATE AND MUCH MORE THAN JUST FRAUD, VICIOUS ABSURD, IS INTENTIONAL

28  INFLICTION OF EMOTIONAL DISTRESS, THE PLAINTIFF HAS BEEN IN A STATE OF DISTRAUGHT, AND HIS FIGHTING

PAGE 5 (E)

1  FOR HIS LIFE, FOR HE CANT BELIEVE WHAT HAS BEEN HAPPENING. DISTRICT ATTORNEY DAN LINK IS RESPONSIBLE

2  FOR THE PLAINTIFF'S STATE PRISON CONFINEMENT ALSO, WHICH ON OCTOBER 30, 2006, THE COURT

3  SENTENCE THE PLAINTIFF TO 3 YEAR IN STATE PRISON + 1 YEAR FOR PRISON PRIOR UNDER 667.5 (B), BUT

4  THE COURT PRONOUNCE JUDGEMENT OF A VIOLATION OF VEHICLE CODE 23152 (a) AND PRONOUNCED

5  NO ENHANCEMENT FOR THE VIOLATION, THERE FORE A MISDEMEANOR CONVICTION, AND UNAUTHORIZED SENTENCE

6  BY PENAL CODE/VEHICLE CODE, BUT THE PLAINTIFF HAS DILIGENTLY BY PETITION AND MOTION FOR THE COURT TO

7  CORRECT AN UNAUTHORIZED SENTENCE, WHICH PLAINTIFF SHOULD BE IMMEDIATELY RELEASED FROM PRISON

8  CUSTODY, SENTENCING COURT KEEPS RESPONDING, DENIED PENDING APPEAL AND THAT THE APPEAL IS THE

9  SPEEDY AND ADEQUATE REMEDY, I HAVE PETITION THE APPELLATE COURT ALSO AND IS AWAITING "COURT OF APPEALS

10  FOURTH APPELLATE DISTRICT, DIVISION ONE * D049923.

11      THE PLAINTIFF ASSERTS THE DISTRICT ATTORNEY DAN LINK INDIVIDUAL, AND WITH HIS FINAL

12  POLICY MAKING ACTIONS IN HIS OFFICIAL CAPACITY AS A COUNTY OFFICER, THE COUNTY OF SAN DIEGO

13  IS BEING SUED AND PLAINTIFF IS SEEKING MONETARY DAMAGES FOR MALICIOUS PROSECUTION, FALSE

14  IMPRISONMENT, CRUEL AND UNUSUAL PUNISHMENT, PROBABLE CAUSE FOR PURPOSE OF MALICIOUS PROSECUTION,

15  FABRICATING EVIDENCE, BRADY VIOLATION, DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16  LIABILITY FOR INJURIES, GOVERNMENT CODE § 820, 822.2 "COMPENSATION - CIVIL CODE 3333, CIVIL CODE

17  PERSONAL RIGHTS § 52.3, CCP. § 1029, CIVIL CODE RELIEF § 3281, 3283, PERSON RIGHTS § 52.(A),(B)

18  CIVIL RIGHTS ACT OF 1964, 42 U.S.CA § 1981 EQUAL RIGHTS. (DISTRICT ATTORNEY DAN LINK WAS

19  ACTING AS A INVESTIGATOR, NOT A PROSECUTORIAL ACT, WHEN PRESENTING EVIDENCE, HE HAD NO PROOF OCCURRED

20  WHEN HE CONCLUDED A PRISON CAMP, HE CONCLUDED MISDEMEANOR, AND DISMISS CASE'S TO BE A

21  FELONY, HIS INVESTIGATION AND ASSUMPTION WERE WRONG)

22

23

24

25

26

27

28

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☐ Yes  ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____.

(d)  Issues raised: _____

_____

_____

_____

_____.

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☐ Yes  ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s): _____

_____

_____

_____

      2. Damages in the sum of $ __2,300,000.00__ .

      3. Punitive damages in the sum of $ __750,000.00__ .

      4. Other: __LOSS OF WORK BACK/FRONT 250,000.00__ _____

_____

**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☐ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |
|---|---|---|

__October 20, 2007__
Date

_____
Signature of Plaintiff

1  CRAIG SMITH

2  5-21-118A

3  P.O. BOX 799005

4  SAN DIEGO, CA. 92179

5  TO9268

6

7                    UNITED STATES DISTRICT COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9

10        CRAIG SMITH                    )

11                   PLAINTIFF           )

12        V.                             )

13    DAN LINK                           )        COMPLAINT UNDER THE

14    ALBERT HARUTUNIAN III              )        CIVIL RIGHTS ACT

15    NICHOLAS GONZALEZ                  )        42 U.S.C. § 1983

16    COUNTY OF SAN DIEGO                )        SEEKING MONETARY DAMAGES ONLY

17    CITY OF SAN DIEGO                  )        ARGUMENTS

18                   DEFENDANT(S)        )

19

20                         ARGUMENT

21                            I

22      THE PLAINTIFF FINDS CRUCIAL ELEMENTS OF THE UNLAWFULNESS OF HIS

23  CONFINEMENT, DESPITE THE VIOLATIONS OF THE U.S. CONSTITUTION IN PRESENT CASE BROUGHT

24  FORWARD, CASE # SCD195842 OF SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, THE

25  BLATANTLY IN YOUR FACE VIOLATIONS, AND THE CO-OPERATIVE POSITION, DEFENSE COUNSEL TOOK WITH

26  PROSECUTION, THE DEFENSE COUNSEL "PACIFIC LAW CENTER" ACTIONS WERE SO SHOCKING, THE

27  PLAINTIFF DID EXTENSIVE RESEARCH ON HIS OWN, AND MADE A STUMBINGLY DISCOVERY, THAT HIS

28  PRIOR CONVICTION OF 2001, CASE # CC07456 OUT OF SANTA CLARA COUNTY WAS OBTAINED

PAGE 1.

1   ILLEGALLY, OF WHICH HAS CREATED A DOMINCE AFFECT, THE PLAINTIFF IN THAT CASE WAS

2   SENTENCED AND SERVED 16 MONTHS IN STATE PRISON, IN THAT CASE, THE PLAINTIFF WAS CONVICTED

3   AND SENTENCE UNDER A VIOLATION OF VEHICLE CODE 23152 WITH A FELONY ENHANCEMENT

4   UNDER VEHICLE CODE 23550.5, WHICH STIPULATE'S A DEFENDANT TO HAVE HAD A FELONY

5   CONVICTION OF DRIVING UNDER THE INFLUENCE WITHIN 10 YEARS, THE PRIOR UTILIZED IN THAT

6   CASE WAS A 1993 DUI. CONVICTION, CASE # 163775 OUT OF THE SAME COUNTY, SEE EXHIBIT

7   IN THAT 1993 CASE IMPASSE WAS DECLARED AND A "CONDITIONAL SENTENCE" WAS IMPOSED UNDER

8   CAL. PENAL CODE 1203 (a), NO PRE-SENTENCE INVESTIGATIVE REPORT REFERRAL TO PROBATION

9   DEPT. OR OFFICER WAS DONE, AND THE PROBATION WAS UNSUPERVISED, NO PROBATION OFFICER,

10  ONLY COURT PROBATION, WHICH IS A "CONDITIONAL SENTENCE", AND NO RESTRICTIONS ON A DANGEROUS

11  WEAPON, ALL OF WHICH A REASONABLE PROSECUTOR WOULD HAVE KNOWN IT WAS A MISDEMEANOR

12  CONVICTION, EVEN THOUGH THE CRIMINAL MINUTES ERRONEOUSLY ILLUSTRATED THE PLAINTIFF WAS

13  ON FORMAL FELONY PROBATION (SEE PEOPLE v. LOCKETT, 195 CAL. RPTR 119 (CAL. APP 1 DIST 1983)

14  EVEN SO, THE COURT PROBATION OF 3 YEARS WAS SUCCESSFULLY COMPLETED, AND UNDER RELIEF

15  FOR A CONDITIONAL SENTENCE CAL. PENAL CODE 1203.4a APPLIES, WHICH CLEARLY STATES

16  TO IMPEACH A CRIMINAL DEFENDANT WITH A PRIOR FELONY CONVICTION IS "NOT APPLICABLE"

17  AS OF 2002, FORMAL PROBATION IS MEASURED BY THE EXISTENCE OF SUPERVISED PROBATION.

18      THEREFORE IN CASE # CC074566 THE MAXIMUM PUNISHMENT COULD ONLY HAVE BEEN

19  OF A MISDEMEANOR, INTURN THE PRESENT SAN DIEGO COUNTY CASE # SCD195342, THE MAXIMUM

20  ALLEGATION COULD ONLY BE THAT OF A MISDEMEANOR, PROSECUTION MISLEAD THE COURT

21      WHEREFORE THE PLAINTIFFS CRIMINAL HISTORY SINCE 2000 AND THE SUBSTANTIAL

22  AFFECT ON HIS LIFE HAS BEEN THE CIRCUMSTANCE OF VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS OF

23  THE UNITED STATES, AS CONSEQUENCES, AND APPARENT THE VICTIM OF RACIAL BIAS FOR A LONG TIME,

24      THE PLAINTIFF PAIDED PACIFIC LAW CENTER IN PRESENT CASE TO LOOK INTO THE PRIOR

25  CONVICTION, WHICH THEY DID NOTHING, HE ALSO INFORMED THE COURT AT SENTENCING, OCTOBER 30, 2006

26  BUT HIS THEORY WAS WRONG, WHICH THE COURT REFUSED TO ENTERTAIN

27      THE PLAINTIFF WAS NOT ABLE TO CONFIRM THE 1993 CONVICTION UNTIL RECENTLY, AS OF

28  THE PLAINTIFF INQUIRED TO CURRENT APPOINTED APPELLATE ATTORNEY CHRISTOPHER BLAKE

1   could he also address the prior conviction, for which he replied it is out of his scope

2   even though the present case is a consequence of the prior conviction, see also

3   "Townsend v. Burke, 68 S.Ct. 1252 (1948), previous conviction had been unconstitutionally

4   obtained, mis-information, materially untrue", the plaintiff has no remedy, due in most

5   part for time restraints, commence this action for monetary damages and

6   thereafter collaterally attack the void judgment on the prior conviction

7        therefore in true nature without the violations of the constitution in present

8   case, the confinement of the plaintiff is still unlawful, notwithstanding the

9   conviction and pronouncement of judgment in present case # SCD195342 was/is

10  only for a violation of vehicle code 23152 (a) with no enhancement pronounced,

11  under California law an enhancement to a violation must be pronounced, also under

12  California law confinement in state prison for a violation of vehicle code 23152 (a)

13  is not authorized, despite the plaintiffs diligent efforts to the court to correct

14  an unauthorized sentence, the plaintiff without a doubt is confined unlawfully.

15   The plaintiff's appeal of present case has filed since February 2nd, 2007, and

16  the plaintiff contends that the § 1983 action for monetary damages only, should

17  accrue prior to the overturning of the conviction or sentence per the confinement

18  is already unlawful, see "Rowe v. City of Fort Lauderdale (S.D. Fla 1998)

19   Under California Civil Code 340.3 a civil action for damages must commenced

20  within a year of pronouncement of judgment, which will expire 10-30-07.

21

22              ARGUMENT

23                 II

24   The plaintiff submitted via mail a habeas corpus petition to tria court, superior

25  court, county of San Diego on the illegal sentence, the court filed the response on

26  June 5, 2007, denied pending appeal, stating, the court stipulated it lacked jurisdiction

27  of the case due to the appellate court has jurisdiction, "court of appeals, fourth

28  appellate district, division one," but as in people v. Massengale 89 Cal. Rptr. 237 (1970),

1   WHEN A COURT PRONOUNCES A SENTENCE WHICH IS UNAUTHORIZED BY THE PENAL CODE THAT

2   SENTENCE MUST BE VACATED AND A PROPER SENTENCE IMPOSED, WHENEVER THE MISTAKE IS

3   APPROPRIATELY BROUGHT TO COURTS ATTENTION, AND IF A TRIAL COURT REFUSES TO CORRECT AN

4   ILLEGAL SENTENCE, RELIEF MAY BE OBTAIN IN REVIEWING COURT.   THEREFORE PLAINTIFF

5   SUBMITTED VIA MAIL A "MOTION TO VACATE VOID PORTION OF THE JUDGMENT AND TO IMPOSE AN

6   AUTHORIZED SENTENCE" TO TRIAL COURT ON JUNE 19, 2007, AFTER PLAINTIFF ON 9-11-2007

7   SUBMITTED A REQUEST FOR RULING, THE PLAINTIFF RECEIVED A ORDER FILED 9-20-07, THAT A

8   HABEAS CORPUS PETITION, NOT A MOTION WAS FILED 7-24-07 AND IS DENIED, DUE TO APPEAL IS STILL

9   PENDING AND THE APPEAL MAY BE THE SPEEDY AND ADEQUATE REMEDY PER IN THE MOTION THE

10  PLAINTIFF ELABORATED THAT THE APPEAL WAS NOT THE SPEEDY REMEDY, STIPULATING TO THE

11  COURT TO DEFERMENT THE CORRECTION UNTIL THE APPEAL IS DECIDED, WOULD ONLY HEIGHTEN

12  A KNOWING FACT AND WOULD BE CRUEL AND UNUSUAL PUNISHMENT

13       THE PLAINTIFF HAS SUBMITTED A PETITION VIA MAIL TO REVIEWING COURT 10-4-07

14  AND IS AWAITING. THE PLAINTIFF FINDS THESE ACTIONS INTENTIONAL, PER IN FEBRUARY OF

15  2007 UPON CONTACT WITH THE APPELLATE DEFENDER'S OFFICE, THE PARALEGAL "VEN" I BELIEVE INFORMED

16  ME THAT AN APPEAL TAKE'S A YEAR OR MORE, AND VERY RARE TO BE UNDER A YEAR, AND APPOINTED

17  APPELLATE ATTORNEY CHRISTOPHER BLAKE IN AUGUST, 07 ME THAT THE DISTRICT ATTORNEY OFFICE APPELLATE

18  DIVISION HAS A CUSTOM OF DELAYING AN APPEAL DECISION WELL BEYOND A YEAR, AND IN MOST

19  CASE'S AFTER THE PRISONER HAS SERVED ALL OF THE SENTENCE AND RELEASED, AND MOST RECENTLY

20  CHRISTOPHER BLAKE ON OCTOBER 12, 2007 APPROX. 2:30pm, TOLD ME HE DOESN'T EXPECT A DECISION

21  ON MY APPEAL UNTIL AFTER APRIL, 2008, IN WHICH I WOULD BE RELEASED IN APRIL, APRIL 26, 2008

22       I FIND THE CUSTOM TO BE TRUE, BUT CONTRIBUTE IT TO BE CO-OPERATIVE WITHIN THE COUNTY, PER

23  MR. BLAKE HAS BEEN BLATANT WITH HIS MISLEADING, I SUBMITTED A MARSDEN MOTION TO RELIEVE

24  CHRISTOPHER BLAKE, IT WAS DENIED. THE FOLLOWING ILLUSTRATES FACT OF THE DELAY TACTIC:

25      • PRONOUNCEMENT OF JUDGMENT IN CASE # SCD195342 WAS 10-30-06

26      • CALIFORNIA CIVIL CODE 340.3, CIVIL ACTION FOR DAMAGES MUST COMMENCE WITHIN ONE

27          YEAR OF THE PRONOUNCEMENT OF JUDGMENT

28      • PLAINTIFF FILED NOTICE OF APPEAL DECEMBER 6, 2006, WITH MOTION FOR ➔

PAGE 4

COURT APPOINTED ATTORNEY UPON APPEAL

1. • THE APPEAL WAS FILED FEBRUARY 2, 2007, WITH OPENING BRIEFS DUE MARCH 14, 2007

2. • PLAINTIFF MOTION FOR COURT OF APPEALS TO ORDER TRIAL COUNSEL TO TURN OVER ALL FILES, MATERIAL FOR PLAINTIFF HAS NO ATTORNEY, ALSO REQUESTED EXTENSION FOR OPENING BRIEFS ON MARCH 4, 2007

3. • THE COURT OF APPEALS DENIED THE EXTENSION, AND APPARENTLY PUSHED FOR COURT APPOINTED ATTORNEY, PER CHRISTOPHER BLAKE WAS APPOINTED VIA APPELLATE DEFENDER'S OFFICE MARCH 9, 07

4. • CHRISTOPHER BLAKE FILED OPENING BRIEFS ON OR ABOUT JUNE 28, 07, THROUGH-OUT PLAINTIFF WAS INSISTING NO UNNECESSARY DELAYS, THREE EXTENSIONS WERE FILED

5. • RESPONDENT'S BRIEF WERE DUE AUGUST 1, 07, AFTER 2 EXTENSIONS FILED, THEIR BRIEF WAS DUE OCTOBER 1, 07,

6. • CONTACTED BLAKE, OCTOBER 12, 07, AS OF THAT DAY RESPONDENT HAD NOT FILED THEIR BRIEFS OR REQUESTED AN EXTENSION, AND COURT OF APPEALS HAD NOTIFIED THEM, FOR A GRACE PERIOD OF 30 DAYS, CHRISTOPHER BLAKE IS AGAIN INSISTING OR ATTEMPTING TO GET THE PLAINTIFF TO EXPECT THE DECISION TO BE AFTER MY EXPECTED RELEASE DATE, WHICH IS APRIL 26, 08, BUT I HAVE RESEARCH THE PROCEDURE'S AND AFTER BRIEFS ARE FILED, THE ONLY PROCEEDINGS ARE EITHER REPLY BRIEFS, ORAL ARGUMENTS IT'S NOT REASONABLE, UNLESS THEIR IS MORE DELAY TACTICS, PER BLAKE THIS IS CUSTOMARY, I BELIEVE IT TRUE, AND WOULD LOOK FOR MORE SOLID PROOF, BUT, FIND THIS ACTION MUST COMMENCE AND IS BARRED WITH TIME RESTRAINTS

HECK RULE IMPOSSIBLE

WITH § 1983 ACTION GOVERNED BY STATE STATUE, AND CAL. CIV CODE 340.3 CIVIL ACTIONS FOR DAMAGES MUST COMMENCED WITHIN A YEAR OF PRONOUNCEMENT OF JUDGMENT, WHICH WILL EXPIRE 10-30-07 AND WITH THE DELAY CUSTOM, REGARDLESS PLAINTIFF WILL NOT HAVE A FORUM FOR DAMAGES AND WILL NOT BE ABLE TO REDRESS IN STATE PROCEEDINGS, SEE "SIMPSON V. ROWAN, 73 F. 3d 134 (7th CIR 1995)"

THE PLAINTIFF CONTENDS THE HECK RULE IS NOT PRECEDENT AND HAS NO EFFECT, AS OF THE STAGE OF THE APPEAL, PER SE A FAVORABLE TERMINATION OF THE APPEAL, THE PLAINTIFF STILL WOULD NOT BE ABLE TO SEEK MONETARY DAMAGES FOR IT WOULD BE TIME BARRED, AND THE RIGHT TO RELIEF WILL BE NON-EXISTENT, AND THE PLAINTIFF IS NOT CHALLENGING THE CONVICTION OR SENTENCE IN THIS ACTION, PER THAT

1  PROCESS IS ALREADY IN STATE COURT, AND PER CALIFORNIA LAW, THE CONFINEMENT IN STATE PRISON IS

2  NOT AUTHORIZED BY PENAL CODE /VEHICLE CODE 23152 (a), THERE FORE THE CONFINEMENT IS ALREADY

3  UNLAWFUL — AND AS IN WILLIAMS V. HEPTING, 844 F.2d 138, 144-45 (3d CIR.) (DISTRICT COURT MUST STAY

4  RATHER THAN DISMISS CLAIMS WHEN MONETARY RELIEF IS NOT AVAILABLE FROM ONGOING STATE PROCEEDING,

5  488 U.S. 861, 109 S.CT 195, 102 L.Ed. 2d 107 (1988)

6    ALSO SEE SIMSON V. ROWAN, SUPRA — IN DEAKINS, THE SUPREME COURT DETERMINED THAT WHEN

7  "YOUNGER" ABSTENTION IS REQUIRED, "THE DISTRICT COURT HAS NO DISCRETION TO DISMISS RATHER THAN

8  TO STAY CLAIMS FOR MONETARY RELIEF THAT CANNOT BE REDRESSED IN THE STATE PROCEEDING

9    ALSO THE PLAINTIFF FORESEE THAT BY THE TIME THIS COURT CONSIDERS ON THIS CLAIM, THAT

10  THE APPEALS COURT DECISION WOULD BE DECIDED, OR THE PLAINTIFF COULD BE RELEASE FROM PRISON

11  CUSTODY, AND IF PLAINTIFF IS RELEASE FROM PRISON CUSTODY, THE PLAINTIFF SHOULD BE ALLOWED

12  TO PROCEED ON THE §1983 ACTION FOR I ONLY SEEK MONETARY DAMAGES, AND NO FORUM WOULD

13  BE AVAILABLE, SEE "DIBLE V. SCHOLL 410 F.SUPP. 2d 807 (N.D. IOWA, 2006) AS §1983 ACTION

14  COULD PROCEED WHEN SEEKING MONETARY DAMAGES, AND AS OF OCTOBER 26, 2007, THE PLAINTIFF

15  WITH ACTUAL AND CREDITED TIME WOULD HAVE, RATHER WILL HAVE SERVED 3 YEARS OF THE SENTENCE

16  AND HAVE 6 MONTHS ACTUAL TIME LEFT, ALL FOR A VIOLATION OF A MISDEMEANOR. THUS THE §1983

17  ACTION MUST BE ALLOWED TO PROCEED, AND IF APPROPRIATE A STAY PENDING STATE PROCEEDING

18  TERMINATION

19                    ARGUMENT

20                       III

21                    COUNT 1

22        §1983 ACTION, DID NOT ACCRUE WHILE CHARGES PENDING

23  UNDER CALIFORNIA LAW CAL. GOV. CODE §945.3 A CIVIL ACTION AGAINST A PEACE OFFICER

24  IS PROHIBITED WHILE CHARGES ARE STILL PENDING, THEREFORE §1983 ACTION DID NOT ACCRUE

25  IN CASE # SCD195342 UNTIL OCTOBER 30, 2006, WHEN CHARGE VEHICLE CODE 23152 (a) WAS

26  PRONOUNCED.

27                   PROBABLE CAUSE

28  OFFICER GONZALEZ NEEDED MORE THAN REASONABLE SUSPICION, TO ARREST PLAINTIFF ON

1  DECEMBER 2, 2005, WHICH HE DID NOT HAVE, AS IN BARLOW V. GROUND, 943 F. 2d 1132 (9th CIR 1991)

2  ARREST 63.4 (3) – TO ARREST A PERSON, POLICE NEED MORE THAN REASONABLE SUSPICION; THEY MUST

3  HAVE PROBABLE CAUSE, U.S.C.A. CONST. AMEND 4, THERE WAS NO PROBABLE CAUSE OF AN INDIVIDUAL,

4  WHO COMMITTED NO TRAFFIC VIOLATIONS, AND WAS REAR-ENDED BY ANOTHER INDIVIDUAL, THE PROBABLE

5  CAUSE WAS ON THE INDIVIDUAL AT FAULT, THE CONCLUSIVE FINDING THAT THE OR PLAINTIFF WAS NOT

6  TO BE PRESUMED TO BE DRIVING OVER THE LIMIT, UNDER THE INFLUENCE, DEEMED THE FIELD SOBRIETY

7  TEST IRRELEVANT, AND TO SAY HE COULD HAVE MADE AN ARREST FOR CALIFORNIA PENAL CODE 647,

8  DRUNK IN PUBLIC, HE DID NOT, EVEN AFTER THE ACQUITTAL OF VC 23152 (b), HE HAD AMPLE

9  OPPORTUNITY, THIS RELEVANT AS TO A MALICIOUS ACT, PER THE JURY NEVER KNEW OF THE ACQUITTAL

10 AND WHO IS TO SAY THE JUDGE KNEW THE FACTS OF PROBABLE CAUSE, PER THE SECOND TRIAL PROCEEDED

11 AS THOUGH THE FIRST TRIAL NEVER EXISTED, AS IN COUNT 2 OF THIS CLAIM. OFFICER GONZALEZ IN

12 THE SECOND TRIAL, STILL INSISTED AND TESTIFIED TO A PROBABLE CAUSE FOR DRIVING UNDER THE

13 INFLUENCE, FOR 647 WAS NEVER ENTERTAINED, ALSO THAT AFFECT WOULD HAVE THE COURT SYSTEM

14 BACKED UP, WITH OFFICER'S CLAIMING AFTER THE FACT, I COULD HAVE DONE THIS OR THAT, BUT THIS

15 WAS A MALICIOUS ACT, THERE WAS NO PROBABLE CAUSE TO CHARGE THE CRIME IN THE FIRST PLACE,

16 AS IN HARTMAN V. MOORE (U.S. 2006) IN AN ACTION FOR MALICIOUS PROSECUTION AFTER AN ACQUITTAL,

17 A PLAINTIFF MUST SHOW THAT THE CRIMINAL ACTION WAS BEGUN WITHOUT PROBABLE CAUSE FOR

18 CHARGING THE CRIME IN THE FIRST PLACE;

19    OFFICER GONZALEZ SHIELD FOR QUALIFIED IMMUNITY IS LOST, WHEN HE VIOLATED CONSTITUTIONALS

20 RIGHTS WELL ESTABLISH, FOR FABRICATING EVIDENCE TO MISLEAD A MAGISTRATE/JUDGE OR JURY, FOR

21 ENHANCEMENT OF PROBABLE CAUSE, DUE PROCESS, DEPRIVATION OF LIBERTY, UNREASONABLE SEIZURES, see

22 ZAMORA V. CITY OF BELEN, 383 F. SUPP. 2d 1315 (D.N.M. 2005) CIVIL RIGHTS 1375, WHERE AN

23 OFFICER KNOWS, OR HAS REASON TO KNOW, THAT HE HAS MATERIALLY MISLED A MAGISTRATE ON THE BASIS

24 FOR A FINDING OF PROBABLE CAUSE, AS WHERE A MATERIAL OMISSION IS INTENDED TO ENHANCE THE

25 CONTENTS OF THE AFFIDAVIT AS SUPPORT FOR A CONCLUSION OF PROBABLE CAUSE, SHIELD OF QUALIFIED

26 IMMUNITY IS LOST UNDER § 1983

27                    MALICIOUS PROSECUTION

28 1. OFFICER GONZALEZ, EVEN AFTER THE ACQUITTAL, 2. KNOWING WITHOUT PROBABLE CAUSE,

PAGE 7

1  PURSUED TO A LEGAL TERMINATION OF A CONVICTION FOR DUI, AND EVENTUAL UNAUTHORIZED CONFINEMENT

2  IN STATE PRISONS FOR VEHICLE CODE 23152 (a), ITSELF DOES NOT AUTHORIZE IMPRISONMENT IN STATE

3  PRISON S, OFFICER GONZALEZ WAS APPOINTED, THE PEOPLE'S INVESTIGATOR, THEREFORE A BIAS OBLIGATION

4  HE FABRICATED EVIDENCE, ADMITTED TO ERRORS, CHANGE UNDER OATH STATEMENTS, HIS MOTIVES WERE

5  INTENTIONAL, AND COLLABORATED WITH PROSECUTION'S ACTIONS IN THIS CLAIM, AFTER THE ACQUITTAL,

6  REASONABLY THEIR WAS NO REASON TO CONTINUE FOR THEIR WAS NO PROOF A CRIME OCCURRED WITHOUT

7  MALICIOUS ACTIVITY, AS IN " MONTGOMERY V. DESIMONE (1998) 159 F. 3d 120, CIVIL RIGHTS 133,

8  COURT OF APPEALS HELD THAT MUNICIPAL JUDGE FINDING OF PROBABLE CAUSE FOR AREST DID NOT AUTOMATICALLY

9  PREVENT ARRESEE FROM ESTABLISH ABSENCE OF PROBABLE CAUSE FOR PURPOSE OF MALICIOUS PROSECUTION

10 CLAIM," ALSO FOR OFFICER GONZALEZ'S MOTIVE WAS EVIL, KNOWING HIS ACTIONS WERE TO LEAD TO

11 CONVICTION AND SUBSEQUENT INCARCERATION, AS IN " (( GONZALEZ V. BRATON, 147 F. SUPP. 2d 180,

12 ( S.D.N.Y. 2001) EVEN IF AN INITIAL ARREST IS VALID A CLAIM FOR FALSE IMPRISONMENT A 4th AMENDMENT

13 INTEREST MAY BE IMPLICATED, IF A PLAINTIFF IS THERE AFTER UNREASONABLY DETAINED, UNLAWFULLY

14 IMPRISONED HIM WITHOUT PROBABLE CAUSE IN VIOLATION OF RIGHT AGAINST UNREASONABLE SEIZURES)",

15 WHICH IN THIS CASE PLAINTIFF HAS DILIGENTLY BEEN SEEKING IMMEDIATE RELEASE UPON APPEAL FOR

16 UNAUTHORIZED SENTENCE BY PENAL CODE VIA PETITION'S, MOTIONS, SINCE MAY OF 2007, ALSO GONZALEZ V."

17 BRATON, SUPRA - CIVIL RIGHTS 275 (1) PUNITIVE DAMAGES MAY BE AWARDED IN 1983 ACTION WHEN

18 A DEFENDANTS CONDUCT IS SHOWN TO BE MOTIVATED BY EVIL MOTIVE OR INTENT, OR WHEN IT

19 INVOLVES RECKLESS OR CALLOUS INDIFFERENCE TO THE FEDERALLY PROTECTED RIGHTS OF OTHERS,")

20 AS IN THIS CASE      SEE DEAN V. EARLE (W.D. KY 1994) · 866 F. SUPP

21   'COMPENSATORY DAMAGE'S FOR MALICIOUS PROSECUTION' IS ASSERTED, AFTER THE ACQUITTAL OFFICER

22 GONZALEZ HAD NO REASONABLE GROUNDS FOR BELIEVING THAT A DUI. COMPLAINT WAS TRUE, SEE

23 CENTERS V. DOLLAR MARKETS (CAL 1965) 222 P.2d 136

24   THE PLAINTIFF ASSERTS DAMAGE'S "MONETARY" UNDER CAL CIVIL CODE § 3333, A CHAIN

25 OF CAUSATION, IF THE ARREST NOT BEEN MADE AND MALICIOUS ACTION, THE FALSE IMPRISONMENT

26 AUTHORIZED OR UNAUTHORIZED WOULD NOT HAVE OCCURRED, SEE GILL V. EPSTEIN 44 CAL. RPTR. 45

27 (1965), CRUEL AND UNUSUAL PUNISHMENT, GENERAL RULE OF DAMAGES IN CASES OF FALSE IMPRISONMENT, THAT THE

28 PERSON CAUSING A WRONGFUL IMPRISONMENT IS LIABLE FOR ALL NATURAL AND PROBABLE CONSEQUENCES

1   ARGUMENT

2   IV

3   IF A JUDGE DEALS WITH AN INDIVIDUAL IN A JUDICIAL CAPACITY, JUDGE IS LIABLE FOR MONEY DAMAGES

4   IN A § 1983, ACTION ONLY IF JUDGE ACTS IN CLEAR ABSENCE OF ALL JURISDICTION

5   86 F.3d 1080 SIMMONS V. CONGER 1996,

6       JUDICIAL IMMUNITY IS NOT A BAR IN A § 1983 SUIT TO PROSPECTIVE INJUNCTIONS, INJUNCTIVE

7   RELIEF AGAINST A JUDICIAL OFFICER ACTING IN HIS/HER JUDICIAL CAPACITY

8   • EMOTIONAL DISTRESS - THE INJURY MAY BE PURELY MENTAL OR EMOTIONAL - CONCURRENT PHYSICAL

9   INJURY NEED NOT OCCUR "JAMES V. BOARD OF SCHOOL COM'RS OF MOBILE COUNTY, ALA. D.C. ALA. 1979,

10  F.SUPP. 705 412 1257

11  JUDGE ALBERT HARUTUNIAN III LOST HIS ABSOLUTE IMMUNITY, WHEN HE VIOLATED CIVIL RIGHTS ACT § 1981

12  EQUAL RIGHTS BY DOING SO, CAN BE HELD RESPONSIBLE FOR U.S. CONSTITUTION VIOLATIONS FOR THE

13  PURPOSE OF SEEKING MONETARY DAMAGES

14  • JUDGE HARUTUNIAN VIOLATED DUE PROCESS, WHEN HE DENIED EVIDENCE FAVORABLE TO THE PLAINTIFF,

15  EVIDENCE IS FAVORABLE, IF IT EITHER HELPS THE DEFENDANT OR HURTS THE PROSECUTION, SEE "BRADY V.

16  MARYLAND (1963) 373 US 83", JUDGE HARUTUNIAN VIOLATED DUE PROCESS OF 14th WHEN HE SENTENCE

17  THE PLAINTIFF TO A SENTENCE NOT AUTHORIZED BY PENAL CODE/VEHICLE CODE, AS IN DEAN V. EARLE

18  (W.D. KY. 1994) 866 F.SUPP- CIVIL RIGHTS 114: FALSE IMPRISONMENT IS ESTABLISH WHEN IMPRISONMENT WAS

19  WITHOUT LEGAL AUTHORITY, THE MAXIMUM PERIOD OF A MISDEMEANOR IS IN COUNTY JAIL AND MAY NOT

20  BE COMMITTED FOR A PERIOD IN EXCESS OF A YEAR CAL JUR. 30 § 48

21  • THE PLAINTIFF WAS SENTENCED WITH A STATEMENT OF AGGRAVATION PRIOR CONVICTION THAT WERE FABRICATED

22  UNTRUE, SEE UNITED STATES V. TUCKER 92 S. CT 589 (1972), TOWNSEND V. BURKE 334 U.S 736,

23  68 S. CT 1252, 92 L.Ed 1690

24  • JUDGE HARUTUNIAN HAS REFUSED TO CORRECT AN UNAUTHORIZED SENTENCE BY PENAL CODE/VEHICLE CODE

25  SINCE MAY OR APRIL OF 2007 VIA PETITION AND MOTION TO VACATE A VOID JUDGMENT THEREFORE

26  SUBJECTING PLAINTIFF TO CRUEL AND USU UNUSUAL PUNISHMENT

27  • UNDER CAL GOVERNMENT CODE § 820 LIABILITY FOR INJURIES, A PUBLIC EMPLOYEE IS LIABLE FOR

28  INJURY CAUSED BY HIS ACT OR OMISSION TO THE SAME EXTENT AS A PRIVATE PERSON, SEE "CIRCUIT COURT OF

APPEALS, SECOND CIRCUIT, KNICKER BOCKER STEAMBOAT CO. V. CUSACK NO.100 (1925)

PAGE 9

1  GOVERNMENT CODE § 822.2

2  A PUBLIC EMPLOYEE IS LIABLE FOR AN INJURY, IF HE IS GUILTY OF ACTUAL FRAUD, CORRUPTION OR ACTUAL

3  MALICE

4  CIVIL CODE § 3333, BREACH OF OBLIGATION OTHER THAN CONTRACT, THE MEASURE OF DAMAGES IS

5  THE AMOUNT WHICH WILL COMPENSATE FOR ALL THE DETRIMENT PROXIMATELY CAUSED, WHETHER IT COULD HAVE

6  BEEN ANTICIPATED OR NOT, CIVIL CODE PERSONAL RIGHTS § 52, DENIAL OF CIVIL RIGHTS OR

7  DISCRIMINATION; DAMAGES CIVIL BY PEOPLE OR PERSON AGGRIEVED; INTERVENTION· UNLAWFUL PRACTICE

8  COMPLAINT (A) WHOEVER DENIES, AIDS OR INCITES A DENIAL, OR MAKES ANY DISCRIMINATION OR

9  DISTINCTION IS LIABLE  (D) WHENEVER AN ACTION HAS BEEN COMMENCED IN ANY COURT SEEKING

10  RELIEF FROM DENIAL OF EQUAL PROTECTION OF THE LAWS UNDER 14 AMEND TO THE CONSTITUTION

11  OF THE UNITED STATES ON ACCOUNT OF RACE, COLOR, RELIGION

12                          ARGUMENT

13                              V

14          WHEELER MOTION - BATSON VIOLATION

15  PLAINTIFF ASSERTS  DISTRICT ATTORNEY DAN LINK  USAGE OF PEREMPTORY CHALLENGE TO SYSTEMATICALLY

16  EXCLUDE COGNIZABLE GROUP "AFRICAN AMERICAN" BLACK " DISTINGUISHED BY RACIAL AND ETHNIC GROUNDS

17  VIOLATED THE  6th AMENDMENT OF THE CONSTITUTION - RIGHT TO AN IMPARTIAL JURY, SEE "APODACA V. OREGON

18  US. OR. 1972, 92 S, CT. 1628, 406 U.S. 404, 32 L.Ed - 2d 184, ALSO  PEOPLE V. WHEELER, 1978,

19  BATSON v. KENTUCKY, 476 U.S. 79 (1986), ARIZONA v. FULMINANTE, 409 US 279 (1991), MILLER-EL v. COCKRELL

20  537 U.S. 322 (2003)

21                      BRADY VIOLATION

22  SUPPRESSION BY DISTRICT ATTORNEY DAN LINK "PROSECUTION" OF EVIDENCE FAVORABLE TO DEFENDANT UPON

23  WHICH DEFENSE COUNSEL WAS DENIED, VIOLATES DUE PROCESS, WHERE EVIDENCE WAS MATERIAL TO GUILT

24  SEE  KYLES  v. WHITLEY (U.S. LA 1995) 115 S.CT 1555, ZAMORA  v. CITY OF BEXEN 383 F. SUPP. 2d 1316

25  (D.N.M 2005), ALSO SEE KYLES v. WHITLEY, 1995 U.S. 115 S.CT 1555, BRADY v. MARYLAND (1963) U.S.

26          COLLATERAL ESTOPPEL - DOUBLE JEOPARDY

27  PLAINTIFF ASSERTS HE HAD A RIGHT TO CLAIM THE ACQUITTAL FROM THE PREVIOUS TRIAL, AND WHEN

28  DISTRICT ATTORNEY DAN LINK, PRESENTED EVIDENCE TO IMPLIED  THE PLAINTIFF, WAS DRIVING OVER THE

1  LIMIT, AND TO STATE THE PLAINTIFF KNOWS HE WAS DRIVING OVER THE LIMIT, AND THEN THE JURY

2  INSTRUCTIONS TO PRESUME AND CONCLUDE THE PLAINTIFF'S BLOOD ALCOHOL WAS OVER THE LIMIT, AND

3  WAS UNDER THE INFLUENCE OF ALCOHOL AT THE TIME OF THE ALLEGED OFFENSE WAS A BAR, PER

4  THE PLAINTIFF WAS ACQUITTED OF THAT CHARGE IN A PREVIOUS TRIAL, PER THE ISSUE WAS LITIGATED IN

5  THE FORMER PROCEEDING, IT WAS DECIDED AND THE FORMER PROCEEDING WAS FINAL AND ON THE MERITS,

6  AND THE PLAINTIFF WAS THE SAME PARTY IN THE SAME ACTION

7  AS IN AYALA V. KC ENVIRONMENTAL HEALTH, 426 F. SUPP. 2d 1070 (E.D. CAL 2006) ;COLLATERAL

8  ESTOPPEL APPLIES IN § 1983, AND UNITED STATE V. De ANGELO 138 F. 2d 466 (1943) A RULE OF EVIDENCE

9  IS RECOGNIZED WHICH PERMITS ACCUSED TO CLAIM FINALITY WITH RESPECT TO A FACT OR GROUP OF FACTS

10  PREVIOUSLY DETERMINED IN HIS FAVOR UPON A PREVIOUS TRIAL, ALSO SEE "GUTIERREZ V. SUPERIOR COURT,

11  29 CAL. RPTR. 2d 376 (CAL. APP 2 DIST "1994)

12                                    FABRICATING EVIDENCE

13  DISTRICT ATTORNEY DAN LINK WAS ACTING AS A INVESTIGATOR IN FABRICATING EVIDENCE NOT A PROSECUTORIAL

14  ACT, FOR, DID NOT PRODUCE ANY DOCUMENTS TO SUPPORT THE NUMEROUS CONVICTIONS FOR HIS

15  STATEMENT OF AGGRAVATION, STATEMENTS CONTAINED IN A UNSWORN PROBATION REPORT IS NOT PROOF,

16  HE MADE A ASSUMPTION THAT PLAINTIFF IN 1993 WAS IN A PRISON CAMP, HE MADE A ASSUMPTION THAT THE

17  1993 CONVICTION WAS A FELONY, HE CREATED 2 ARIZONA CONVICTIONS FOR DUI, FROM WHAT SOURCE,

18  DON'T KNOW, PER THEY DON'T EXIST, HE PRESENTED A 1998 CASE AS A FELONY CONVICTION ; FROM

19  A MISDEMEANOR THAT WAS DISMISS. , THEREFORE HE WAS SEARCHING AND HIS INVESTIGATIONS WERE

20  WRONG, HE DID NOT PROVIDE NO SUCH PROVEN FACTS, HE WAS ACTING IN A INVESTIGATORY ROLE

21  AS NOT PROTECTED BY IMMUNITY, AND THIS WAS NOT MISTAKENLY DONE IT WAS INTENTIONAL,

22   ALSO HIS ACTIONS WERE OF A COMPLAINING WITNESS, BECAUSE HE DID NOT RELY ON FACTS,

23  SEE "MILSTEIN V. COOLEY ( C.A9 CAL. 2001) 257 F.3d 1004 (9th CIR 2001,      ALSO DAN

24  LINK WAS ASSERTING PERSONAL KNOWLEDGE OF THE 1993 PRISON CAMP, AND AGAINST CAL RULE OF

25  PROFESSIONAL CONDUCT 5-200 (B)     AS IN CRUZ V. KAUAI COUNTY CC.A 9 (HAWAII) 2002, MILSTEIN,

26  SUPRA IT IS A 4th AMENDMENT RIGHT NOT TO HAVE A PROSECUTOR PERSONALLY ATTEST TO A FALSE STATEMENT

27  OF A BIASED SOURCE WITH NO INVESTIGATION OF THE STATEMENTS TRUTH OR FALSITY

28   AS IN KALINA V. FLETCHER 522 U.S. AT 131, 118 S.CT 502 ( QUOTING U.S. CONSTITUTIONAL AMENDMENT

1  IV, ABSOLUTE IMMUNITY IS NOT PROTECTED WHEN THE PROSECUTOR PERSONALLY ATTESTED TO THE EQUIVALENT

2  OF AN AFFIDAVIT TO THE TRUTH, DECLARING TO BE CORRECT A CERTIFICATION, PETITIONER PERFORMED AN

3  ACT THAT ANY COMPETENT WITNESS MIGHT HAVE PERFORMED, AND THUS WAS NOT ENTITLED TO ABSOLUTE

4  IMMUNITY, ACCORD MORREY v. WALKER 175 F. 3d 756, 760 (9th CIR 1999) EVEN WITH, RATHER

5  WHEN THE PERSON WHO MAKES THE CONSTITUTIONALLY REQUIRED "OATH OR AFFIRMATION IS A LAWYER, THE

6  ONLY FUNCTION THAT HE/SHE PERFORMED IN GIVEN SWORN TESTIMONY IS THAT OF A WITNESS

7       AS IN CASE AT HAND DAN LINK AFFIRMING THAT THE ARIZONA CONVICTIONS, 1993 AND 1988

8  FELONY CONVICTION IN HIS NON-EXISTENCE STATEMENT OF AGGRAVATION WERE TRUE, WHICH THEY WERE

9  NOT, HE WAS A WITNESS AND THEREFORE NOT PROTECTED BY ABSOLUTE IMMUNITY

10      ATTORNEYS MAY NOT SEEK TO MISLEAD A JUDGE OR JURY BY AN ARTIFICE OR A FALSE STATEMENT

11  OF FACT OR LAW. CAL RULES OF PROF CONDUCT  5-200 (B)

12      AS IN BISHOP PAIUTE TRIBE v. COUNTY OF INYO, 275 F. 3d 893 (9th CIR. 2002) UNDER CALIFORNIA

13  LAW, ELECTED COUNTY DISTRICT ATTORNEY WAS ENGAGING IN INVESTIGATORY, NOT PROSECUTORIAL ACT AND

14  THUS WAS ACTING AS COUNTY OFFICER, RATHER THAN STATE OFFICER AND THUS COUNTY COULD BE HAD

15  LIABLE UNDER 1983

16      PROSECUTOR IS NOT IMMUNE FOR ACTIVITIES THAT ARE ADMINISTRATIVE DUTIES OR INVESTIGATIVE

17  FUNCTIONS THAT DO NOT RELATE TO PROSECUTOR'S PREPARATION FOR INITIATION OF PROSECUTIONS, AND FOR

18  THESE ACTIVITIES PROSECUTOR MAY ONLY CLAIM QUALIFIED IMMUNITY, SEE "SPURLOCK v. WHITLEY 971 F. SUPP (1997

19      MUNICIPAL LIABILITY MAY BE IMPOSED UNDER § 1983 FOR A SINGLE DECISION BY MUNICIPAL

20  POLICY MAKER UNDER APPROPRIATE CIRCUMSTANCES see PEMBAUR v. CITY OF CINCINATI (U.S. OHIO 1986)

21  106 S. CT 1292       THE PLAINTIFF WAS SENTENCED ON THE BASIS OF ASSUMPTIONS CONCERNING

22  HIS CRIMINAL RECORD, WHICH WERE MATERIALLY UNTRUE see TOWNSEND v. BURKE, supra, SUCH A RESULT

23  WHETHER CAUSED BY CARELESSNESS OR DESIGN IS INCONSISTENT WITH DUE PROCESS

24  ZAHREY v. COFFEY 221 F. 3d 342 (2nd CIR. 2000)

25  PEOPLE v. LOCKETT, 195 CAL. RPTR. 119 (CAL. APP  1 DIST. 1983) COURT PROBATION, AND A STATEMENT

26  APPELLANT WAS ON FELONY PROBATION WAS ERRONEOUS

27                  MALICIOUS PROSECUTION

28  AFTER THE ACQUITTAL, THERE WAS NO PROBABLE CAUSE FOR CHARGING V.C. 2316.2 (9) see

PAGE 12

HARTMAN V. MOORE (U.S. 2006)

COUNTY OFFICERS

AS IN BISHOP PAIUTE TRIBE V. COUNTY OF INYO, 275 F.3d 893 (9th CIR 2002) UNDER THE CALIFORNIA

CONSTITUTION, DISTRICT ATTORNEYS IN CALIFORNIA ARE DEFINED IN ARTICLE XI OF THE CONSTITUTION, ENTITLED

"LOCAL GOVERNMENT", ARTICLE XI SECTION 4 OF THE CALIFORNIA CONSTITUTION PROVIDES THAT " COUNTY

CHARTERS SHALL PROVIDE FOR AN ELECTED DISTRICT ATTORNEY

* CAL, GOVERNMENT CODE ; DISTRICT ATTORNEYS CAN BE REMOVED FROM OFFICE FOLLOWING THE ACCUSATION

OF THE COUNTY GRAND JURY

* CALIFORNIA LAW EXPLICITLY STATES THAT THE DISTRICT ATTORNEY IS A COUNTY OFFICER, CAL GOV. CODE § 24000(a),

§ 24000(b), THE COUNTY BOARD OF SUPERVISORS SET THE SALARIES OF THE DISTRICT ATTORNEY, CAL.

GOV. CODE § 25300, DISTRICT ATTORNEY MUST BE REGISTERED TO VOTE IN THEIR RESPECTIVE COUNTIES

CAL GOV CODE § 24001

* THE COUNTY HAS THE AUTHORITY TO SUPERVISE THE DISTRICT ATTORNEY'S CONDUCT AND USE OF PUBLIC FUNDS

CAL. GOV. CODE § 25303

* SUPERVISION BY THE ATTORNEY GENERAL DOES NOT ALTER THE STATUS OF DISTRICT ATTORNEY AS ELECTED

COUNTY OFFICIALS." BREWSTER V. COUNTY OF SHASTA 112 F.SUPP. 2d 1185, 1196 (E.D. CAL 2000)

SEE ALSO PEOPLE V. BROPHY, 120 P.2d 946, 953 (CAL. DIST. CT APP 1942) (NOTHING THAT CONSTITUTIONAL

OVERSIGHT DOES NOT CONTEMPLATE ABSOLUTE CONTROL AND DIRECTED OF SUCH OFFICIALS

* UNDER CALIFORNIA CONSTITUTION ART XI SECTION 4 COUNTY CHARTERS SHALL PROVIDE FOR (A)

A GOVERNING BODY OF 5 OR MORE, ELECTED (1) BY DISTRICT, (C) AN ELECTED SHERIFF, AN

ELECTED DISTRICT ATTORNEY, (E) THE POWERS AND DUTIES OF GOVERNING BODIES, THEREFORE DISTRICT

ATTORNEY IS COUNTY OFFICER WITH FINAL POLICY MAKING AUTHORITY


I CRAIG SMITH DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE

STATE OF CALIFORNIA THAT THE ABOVE STATEMENTS IS TRUE AND CORRECT, EXECUTED AT THE

RICHARD J. DONOVAN CORRECTIONAL FACILITY, SAN DIEGO, CALIFORNIA ON THE 22 DAY OF

OCTOBER, 2007

# EXHIBIT COVER PAGE

CASE # 163775

1993

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

1. 1993 MISDEMEANOR CONVICTION, JUNE 1, 1993, IMPASSE IS DECLARED - EXHIBIT 93.2
2. 1993 CHANGE OF PLEA, NO REFERRAL TO PROBATION, OR INVESTIGATION AS REQUIRED FOR A FELONY CONVICTION, JUNE 8, 1993 - EXHIBIT 93.4
3. 1993 MINUTES SENTENCING, PROBATION OFFICER WAIVED "COURT PROBATION - CONDITIONAL SENTENCE", NO WEAPON RESTRICTION AS REQUIRED FOR FELONS,

## NUMBER OF PAGES TO THIS EXHIBIT: _____4_____ PAGES.

FORMAL FELONY PROBATION CHECKED IS ERRONEOUS, PER FORMAL PROBATION IS MEASURED BY THE EXISTENCE OF SUPERVISED PROBATION - EXHIBIT SC 1993

4. RELIEF OF CONDITIONAL SENTENCE, P.C. 1203.4A, IMPEACH WITH PRIOR FELONY CONVICTION NOT APPLICABLE - EXHIBIT 93.6

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

93.2

# SUPERIOR COURT OF CALIFORNIA - COUNTY OF SANTA CLARA

## COUNTY CLERK'S DEPARTMENT - CRIMINAL DIVISION

DATE: **JUN 1 - 1993**

HON. KEVIN J. MURPHY                    Clerk: BETTY HAWKINS

Reporter: ~~SHARON STUGEN~~ /☐Not reported  Deputy: ~~MIKE MC GEE~~

THE PEOPLE OF THE STATE OF CALIFORNIA,
                              Plaintiff,

*Craig Smith*     vs.                NO. *163775*

_____
                    Defendant(s).

Defendant ~~is~~/is not present, his counsel, _C. Scott_
_____,is/~~is not~~ present, and Deputy D. A. _M Duffy_
is present, this being the time fixed for pre-trial hearing.

WHEREUPON, THE COURT ORDERS, The following, pursuant to stipulation/
on Motion of the_____

[X] The matter is pre-tried and an impasse is declared.

☐ Trial Date to remain as previously set on:_____

☐ Trial Date is Cont'd. to:_____ ☐ Deft. waives time.

☐ Pre-Trial Cont'd. to:_____

☐ Trial Date of:_____ is vacated.

☐ Matter is Placed Off Calendar.

☐ B/W for Failure to Appear, Bail $ _____ ☐ C. R. Revoked

☐ Bail Forfeiture Stayed & Cont'd. to:_____

☐ Matter placed on After Arraign. Calendar _____ at P.M.
  for Hearing on a Motion to Reset _____

☐ STANDBY FOR TRIAL_____

☐ _____

☐ _____

☐ _____

☐ _____

☐ _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA    CRIMINAL MINUTES, CHANGE OF PLEA

Case No. *163725*    PEOPLE v. *Craig Smith*

Date: *6-8-93*

Honorable *Daniel E. Creed*    Clerk *R. Jordu*

Reporter *Cathy Russell*    Sheriff *K. Sparger*

[X]    Conditional Plea *1yr CJ;*

*Live in Program after serving 6 mos CJ*

*Christine Shudson*    *Mel Batty, II*
Deputy District Attorney    Counsel for Defendant

CHARGES:    *ct 1 - 23152 (A) CVC & 3 prs (F)*
*ct 2 - 23152 (B) CVC & 3 prs (F)*
*ct 3 - 14601.2 CVC (Misd) + 1 pr.*
*ct 4 - 14601.1 CVC & 3 prs (Misd)*

Matter regularly before the Court this date, counsel and defendant being present.

*dause Rights, Ct. manager; Ct. 3yr parole);*
*Stg. Factual Bases in Prelim Transcript.*

After examination and permission by the Court, defendant's plea of Not Guilty is withdrawn, and
defendant enters a plea of ~~Guilty~~ *No Contest ct 2; ct 3*

*cts 1 & 4 Dismissed*
*referral*    *waived*

WHEREUPON, the ~~matter is referred~~ to the Adult Probation Officer for investigation and is set
~~sentenced~~
~~for hearing on~~ *6-8-93* , in [ ] Master Sentencing Calendar,    OR
Courtroom *24* , at ~~9 a~~. *1:30 p* m. *Creed*    [ ] Time waived for sentencing

===================================================================================

ARMED ALLEGATION    [ ] Admitted    [ ] Denied    [ ] Dismissed

DEGREE    [ ] First    [ ] Second    [ ] Not Fixed    [ ] Hearing_____

PRIORS    _____ [X] Admitted    [ ] Denied    [ ] Mute    [ ] Stricken

[ ] Hearing pending
*ct 2:*
*ct 3 prs   84.91* Dates of priors *8-19-90; 11-22-90; 8-4-91;*

AGENCY *4313*    CUSTODY STATUS *In*

CO-DEFENDANTS   (Including dispositions)_____

# OTHER SENTENCE CHOICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
**BRANCH** HALL OF JUSTICE

COURT I.D. 4|3| | |

| | | CASE NUMBER(S) |
|---|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA** VERSUS | [X] PRESENT | 163775 -A |
| **DEFENDANT:** CRAIG SMITH | | -B |
| **AKA:** | [ ] NOT PRESENT | -C |
| **REPORT OF:** [ ] DEATH SENTENCE  AMENDED | | -D |
| [ ] INDETERMINATE SENTENCE  REPORT [ ] | | -E |
| [X] OTHER SENTENCE CHOICE | | |

DATE OF HEARING (MO/DAY/YR) 6-08-93  DEPT. NO. 35  JUDGE DANIEL E. CREED  CLERK P. COOPER

REPORTER CATHY LINCOLN  COUNSEL FOR PEOPLE CHRISTINE HUDSON  COUNSEL FOR DEFENDANT CARL BEATTY, P.D.  PROBATION NO. OR PROBATION OFFICER WAIVED

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):**

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR OF DATE COMMITTED | MO | DAY | YEAR | CONVICTED BY |
|---|---|---|---|---|---|---|---|---|
| 2 | VC | 23152(B) & 3 Prs | Driv w/ 08% B.A. or more | 93 | 06 | 08 | 93 | PLEA X |
| 3 | VC | 14601.2 & 1 Pr | Driving with Suspended Lic. | 93 | 06 | 08 | 93 | PLEA X |

**7.** [X] For counts 2 & 3 the defendant was placed on **FELONY** probation.
   A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or
   (2) [X] Imposition of sentence was suspended.
   B. [X] Conditions of probation included  [X] Jail Time  [X] Fine

[X] Formal Probation [X] Granted 3 years

[X] County Jail 12 Mos with credit for time served of 163 days

After serving 6 mos; may complete sentence in a Residential Alcohol Program approved by Adult Probation Officer.

[X] Restitution Fine $200  Alcohol Education Fee $50  [X] Fine $500  Penalty $850  [X] Probation Cost /mo

93.6   CALIFORNIA   2002 EDITION

| Statute Granting Relief | Professional License | Use as Prior To Enhance Sentencing | Serve as Juror |
|---|---|---|---|
| 10. Health & S C §11361.5 (petty marijuana offenses) | No public agency to deny or revoke license once relief granted (Health & S C §11367(b)). | No. Health & S C §11361.7. | Yes. See CCP §203(a)(5). |
| 11. Welf & I C §1772 (YA parolees) | Not disqualified; limited peace officer exception. | Yes, under circumstances listed in Welf & I C §1772(b)(3); *People v Shields* (1991) 228 CA3d 1239, 279 CR 403. | Not disqualified. See CCP §203(a)(5). |

| Statute Granting Relief | Must Applicant Inform Employer of Conviction? | Impeach Criminal Defendant With Prior Felony Conviction |
|---|---|---|
| 1. Pen C §1203.4 | 2 Cal Code Regs §7287.4(d)(1)(B) prohibits employers from asking about misdemeanors dismissed under Pen C §1203.4. | Evid C §788(c). |
| 2. Pen C §1203.4a | Probably not. | Not applicable. |
| 3. Pen C §1210.1(d) | Generally no. But must disclose in peace officer and public office applications, for licenses, and for contracting with the State Lottery. | Unknown. |
| 4. Pen C §4853 (direct pardon) | Not stated. | Yes. *People v Hardwick* (1927) 204 C 582, 269 P 427. |
| 5. Pen C §§4852.01–4852.21 (pardon based on certificate of rehabilitation) | Yes. | No. Evid C §788(b). |
| 6. Welf & I C §781 (seal juvenile records) | Need not disclose. Welf & I C §781(a). | Case deemed never to have occurred. |
| 7. Pen C §851.8 (person factually innocent) | No. See Pen C §851.8(f). | No conviction. See Pen C §851.8(f). |
| 8. Pen C §§1000, 1000.5, 1001.9, 1001.31, 1001.55 (diversion) | In general, same as Pen C §1203.4; exception regarding peace officer application. | Probably not. See Pen C §1000.4. |
| 9. Welf & I C §3200 (narcotic addicts) | Has same effect as dismissal under Pen C §1203.4, discussed above. Welf & I C §3200(b). But still a drug prior. | Yes, with regard to most drug offenses. |

# EXHIBIT COVER PAGE

CASE # 205489

1998

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

1. 1998 POST-JUDGMENT DESIGNATION FROM MISDEMEANOR TO FELONY, IMPROPER AND ILLEGAL EXHIBIT 2000-1-09, ON 11-22-2000

2. AFTER ILLEGAL SENTENCING ON 2000-01 DUI CASE # CCO74566, COURT VACATED ITS POST-JUDGMENT DESIGNATION, AND DISMISS CASE # 205489, NEVER A FELONY CONVICTION, ON 3-2-2001, EXHIBIT 2001-1-26

## NUMBER OF PAGES TO THIS EXHIBIT: ____2____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☑ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

T L6   SUPERIOR COURT
190 WEST HEDDING S... }   *no fill*   CASE NO. 205489
SAN JOSE, CA 95110                                          98007280
                                          DATE   11/22/2000   9:00 A   DEPT. 24
OPLE VS.   CRAIG   SMITH                          08/14/1961 CAC593514B
A.   39939   STEVENSON COMMON   CLERK   D. SEPULVEDA   CWH046 M
FREMONT, CA 94538                HEARING   HEARING ON MOTIONS
DGE   HON. LEON P. FOX            AGENCY   SJ-04313-2860 -RAMIREZ
PORTER   D. WALLER               STATUS   D-SET -10000   TW   Y
F. ATTY.   LEMPERT, DENNIS   D.A. D. FEHDERAU   APO C. FAZO   SUPO: P527

HARGES   M(001)PC12021(A)(1)

**NEXT APPEARANCE DATE(S)**   1-3-01   9:00   D24   Lempert   ☐ Assigned to: _____

☑ Defendant Present ☐ Not Present | ☐ Attorney Not Present ☑ Present _____ | ☐ Interp _____
☑ WFA ☐ Arr'd | ☐ Arr ☐ Plea ☐ ID Cnsl ☐ Prob/Sent | ☐ Notice Eligibility Filed Cnts _____
☐ 977 Waiver ☐ on file ☐ Filed @ this time | ☐ Bail/OR Hrg ☐ Rect Dr Rpt ☐ Diversion | ☐ Diversion ☐ Granted ☐ Denied ☐ Pay fee
☐ T/W ☐ TNW ☐ T/W W/D ☐ for Sent | ☐ Prelim ☐ TSET ☐ PT Conf ☐ S/B MTC | Bail ☐ Exon ☐ Forfeited Bond # _____
☐ Pleads NG ☐ NGBRI ☐ Entered by Court | ☐ Jury ☐ Court trial ☐ Peo/Def Waive Jury | ☐ Forfeiture set aside ☐ Bail Reinstated
☐ Other _____ | ☐ Advised NGBRI ☐ Doubt Decl 1368PC | ☐ $ _____ costs by _____
☐ Priors ☐ Alleg/Enh ☐ Admit ☐ Denied | ☐ Crim Proc ☐ Susp ☐ Reinst ☐ Term | OR/SOR ☐ Revoked ☐ Reinstated
☐ Stip Complaint serve as Information | ☐ Drs _____ ☐ Appt _____ | ☐ B/W Set Aside ☐ Recalled ☐ Reassump Filed
☐ Ref/Appt Pub Def ☐ Cont Decl ☐ Conf App | ☐ Subm on rept ☐ Found _____ | ☐ B/W Ordered, Bail _____ ☐ B/W Stayed
☐ _____ ☐ Relieved ☐ Entered | ☐ Ref'd _____ ☐ Max Term _____ | ☑ Hrg on Motion *by DA*
☐ Waives _____ | ☐ Committed _____ | ☐ Motion ☐ Den ☐ Granted ☐ O/C ☐ Subm
☐ Proof Of _____

☐ Prelim Waived ☐ Certified to Superior Court _____ ☐ Held to answer _____

*CJC to correct ct 1 by order of*
*Court to felony –*

**PLEA**   Conditions ☐ None ☐ No State Prison ☐ Include Viol/Prob   *plea bargain (2102 viol)*
☐ Amended on face _____
☐ Jail/Prison Term of _____
☐ Dismissal/Striking _____
☐ Advised ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Registration PC290/HS11590/PC457.1 ☐ Future serious felony prior
☐ Waives Constit Rights ☐ Written Waiver filed ☐ PC17 Red ☐ Granted ☐ Denied ☐ Arbuckle Waiver ☐ Harvey Stip   *should not be*
☐ Pleads ☐ Guilty ☐ Nolo Contendere to following viol & admits enhs (see below) ☐ Factual Basis Found ☐ Findings stated   *reduced to felony)*
☐ Bunnell Subm on Prelim Evid/Trans ☐ Court finds Deft _____
☐ Ref'd to Prob Dept ☐ Waives Formal Report ☐ Waives referral ☐ Probation Denied
☐ Execution ☐ Imposition of sentence suspended for probation period   **FINES**

**PROB**
☐ Court ☐ Formal Probation Granted _____ days/mos/years ☐ Prob term on release | Pay to ☐ Court ☐ DOR ☐ AR Fee by _____
☐ Report to APO & maintain contact as directed ☐ w/n 3 days ☐ upon release | Count _____ $ _____ +PA $ _____
☐ Court finds Violation/No Violation ☐ Deft Admits Violation of Probation | Count _____ $ _____ +PA $ _____
☐ Prob Reinst/Continued Original Terms & Conditions ☐ Prob Term No further Penalties | ☐ Concur/Consec w/Prison/Jail @ _____ /day
☐ Revoked ☐ Modified ☐ Extended to _____ | ☐ purs to HS11350(d)
☐ Complete Commun Altern Program ☐ Perform _____ hrs Volunteer Work | R/F $ _____ ASF $ _____
☐ Submit Search/Testing ☐ Educ/Voc Trg/Empl ☐ DVPO to issue ☐ Advised PC12021 | DPF $ _____ CJAF $ _____
☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed | LAB $ _____
☐ No contact w/victim or family/co-defts unless appr by APO ☐ No pager/port comm device | AEF $ _____ PINV $ _____ max
☐ No alco/ drugs or where sold ☐ Restitution _____ | Atty $ _____ PSUP $ _____ /mo max
☐ Complete _____ cnsl/prgm | Total Amount Due $ _____
☐ Not drive w/o valid lic & ins ☐ license surrendered ☐ Reissue DL _____ | ☐ Ref'd to DOR to determine ability to pay
☐ Partic in ☐ Delete ☐ Reinst ☐ 1st Offender/Mult Off Prgm ☐ Rept w/n _____ | ☐ Crt finds deft ☐ able ☐ not able to pay
☐ Lic susp/rev/restr for _____ to, from, during ☐ Work ☐ Alco prgm ☐ VC | ☐ Payments granted/modified @ $ _____ /mo
☐ Ignit Interlock Dev ☐ ordered _____ yrs ☐ waived Veh ☐ impound ☐ Not impounded | Commencing _____
☐ Gang orders: No insignia, tattoos, assoc w/gang members, etc. ☐ PC 290.2 (DNA TEST) Ordered ☐ PC 1202.1 (AIDS TEST) Ordered ☐ Aids Education Program
Other _____

**CONVICTION / JAIL / PRISON**

| Count | F/M | Violation | Trm/Yrs | Enhancement | Yrs/S | Prison | County Jail |
|-------|-----|-----------|---------|-------------|-------|--------|-------------|
|       |     |           |         |             |       |        |             |
|       |     |           |         |             |       |        |             |
|       |     |           |         |             |       |        |             |
|       |     |           |         |             |       |        |             |

☐ See Attachment Page for additional charges   ☐ Sentence Deemed Served ☐ Ordered to report to Local Parole

PRIORS Alleged & Found True/Admitted

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|
|             |       |             |       |             |       |             |       |             |       |       |

TOTAL TERM _____

CTS = _____ act + _____ (4019) = _____ Total days

VIOLATION DATE: 02/27/1998

☐ Advised _____ years parole ☐ Appeal rights | Total this case ☐ Consec ☐ Concur to _____
Straight time ☐ Weekends ☐ Weekend Work ☐ PC1209 Fee Ordered/Waived ☐ EMP rec ☐ Eligible / not elig EMP/PSP/WF/CoParole
tay Surrender/Transp to _____ @ _____ M or sooner ☐ Pre-process _____ AM/PM
l of CJ susp ☐ Release to _____ ☐ only 1 rel-PC4018.6
manded into Cust ☐ No Bail Allowed ☐ Bail ☐ Set @ ☐ Increased ☐ Reduced to $ _____
mains released on ☐ Release @ this time on ☐ OR ☐ SOR ☐ Bail _____

_____ DEPUTY CLERK

2000-136 2009-25

**SUPERIOR COURT**
190 WEST HEDDING STREET
SAN JOSE, CA 95110

PEOPLE VS.
A.K.A.

CRAIG   SMITH
39939        STEVENSON COMMON
FREMONT, CA 94538

JUDGE      HON. LEON P. FOX
REPORTER   D.WALLER
DEF. ATTY. HARMON
CHARGES    F(001)PC12021(A)(1)

CASE NO.        205489
CEN             98007280
DATE            03/02/2001  9:00 AM   DEPT.   25
                08/14/1961 CAC5935148
CLERK           D.SEPULVEDA              CWH046 M
HEARING         HEARING ON MOTIONS
AGENCY          SJ-04313-2860 -RAMIREZ
STATUS          I-SET -NBA                    TW    Y
APO                                           SUPO: P527

D.A.  K STORTON

**NEXT APPEARANCE DATE(S)** _____   Assigned to  *HARMON / M LIANIDES*

- ☑ Defendant Present ☐ Not Present   ☐ Attorney Not Present ☑ Present  *HARMON / M LIANIDES*
- ☐ WFA ☐ Arr'd                        ☐ Arr ☐ Plea ☐ ID Cnsl ☐ Prob/Sent    ☐ Interp _____
- ☐ 977 Waiver ☐ on file ☐ Filed @ this time   ☐ Bail/OR Hrg ☐ Rect Dr Rpt ☐ Diversion   ☐ Notice Eligibility Filed Cnts _____
- ☐ T/W ☐ TNW ☐ T/W W/D ☐ for Sent   ☐ Prelim ☐ TSET ☐ PT Conf ☐ S/B MTC   ☐ Diversion ☐ Granted ☐ Denied ☐ Pay fee
- ☑ Pleads NG ☐ NGBRI ☐ Entered by Court   ☐ Jury ☐ Court trial ☐ Peo/Def Waive Jury   Bail ☐ Exon ☐ Forfeited Bond #_____
- ☐ Other _____                      ☐ Advised NGBRI ☐ Doubt Decl 1368PC   ☐ Forfeiture set aside ☐ Bail Reinstated
- ☐ Priors ☐ Alleg/Enh ☐ Admit ☐ Denied   ☐ Crim Proc ☐ Susp ☐ Reinst ☐ Term   ☐ $_____ costs by _____
- ☐ Stip Complaint serve as Information   ☐ Drs _____ ☐ Appt _____   OR/SOR ☐ Revoked ☐ Reinstated
- ☐ Ref/Appt Pub Def ☐ Conf Decl ☐ Conf App   ☐ Subm on rept ☐ Found _____   ☐ B/W Set Aside ☐ Recalled ☐ Reassump Filed
- ☐ _____ ☐ Relieved ☐ Entered   ☐ Ref'd _____ ☐ Max Term _____   ☐ B/W Ordered, Bail $_____ ☐ B/W Stayed
- ☐ Waives _____                     ☐ Committed _____   ☑ Hrg on Motion *to vacate plea*
- ☐ Proof Of _____                                          ☑ Motion ☐ Den ☒ Granted ☐ O/C ☐ Subm

- ☐ Prelim Waived ☐ Certified to Superior Court _____   ☐ Held to answer _____
- ☐ Amended on face _____                                 *plea WITHDRAWN*
**PLEA**   Conditions ☐ None ☐ No State Prison ☐ Include Viol/Prob   *Judgment VACATED*
- ☐ Jail/Prison Term of _____
- ☑ Dismissal/Striking *nda ct1 100%* _____   _____ @ this time ☐ Subm time of Sent
- ☐ Advised ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Imm(g) ☐ Registration PC290/MS11590/PC457.1 ☐ Future serious felony prior
- ☐ Waives Constit Rights ☐ Written Waiver filed ☐ PC17 Red ☐ Granted ☐ Denied ☐ Arbuckle Waiver ☐ Harvey Stip
- ☐ Pleads ☐ Guilty ☐ Nolo Contendere to following viol & admits enhs (see below) ☐ Factual Basis found ☐ Findings stated
- ☐ Bunnell Subm on Prelim Evid/Trans ☐ Court finds Deft
- ☐ Ref'd to Prob Dept ☐ Waives Formal Report ☐ Waives referral ☐ Probation Denied

**PROB**   ☐ Execution ☐ Imposition of sentence suspended for probation period

**FINES**

- ☐ Court ☐ Formal Probation Granted _____ days/mos/years ☐ Prob term on release
- ☐ Report to APO & maintain contact as directed ☐ w/n 3 days ☐ upon release
- ☐ Court finds Violation/No Violation ☐ Deft Admits Violation of Probation
- ☐ Prob Reinst/Continued Original Terms & Conditions ☐ Prob Term No further Penalties
- ☐ Revoked ☐ Modified ☐ Extended to _____
- ☐ Complete Commun Altern Program ☐ Perform _____ hrs Volunteer Work
- ☐ Submit Search/Testing ☐ Educ/Voc Trg/Empl ☐ DVPO to issue ☐ Advised PC12021
- ☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed
- ☐ No contact w/victim or family/co-defts unless appr by APO ☐ No pager/port comm device
- ☐ No alco/ drugs or where sold ☐ Restitution _____
- ☐ Complete _____ cnsl/prgm
- ☐ Not drive w/o valid lic & ins ☐ license surrendered ☐ Reissue DL _____
- ☐ Partic in ☐ Delete ☐ Reinst ☐ 1st Offender/Mult Off Prgm ☐ Rept w/n _____
- ☐ Lic susp/rev/restr for _____ to, from, during ☐ Work ☐ Alco prgm ☐ VC
- ☐ Ignit Interlock Dev ☐ ordered ____ yrs ☐ waived Veh ☐ Impound ☐ Not Impounded
- ☐ Gang orders: No insignia, tattoos, assoc w/gang members, etc. ☐ PC 290.2 (DNA TEST) Ordered ☐ PC 1202.1 (AIDS TEST) Ordered ☐ Aids Education Program
- Other _____

Pay to ☐ Court ☐ DOR ☐ AR Fee by _____
Count _____ $_____ +PA $_____
Count _____ $_____ +PA $_____
☐ Concur/Consec w/Prison/Jail @ _____ /day
☐ purs to HS11350(d)
R/F $_____ ASF $_____
DPF $_____ CJAF $_____
LAB $_____ $_____
AEF $_____ PINV $_____ max
Atty $_____ PSUP $_____ /mo max
Total Amount Due $ _____
☐ Ref'd to DOR to determine ability to pay
☐ Crt finds deft ☐ able ☐ not able to pay
☐ Payments granted/modified @ $ _____ /mo
Commencing _____

**CONVICTION / JAIL / PRISON**

| Count | F/M | Violation | Trm/Yrs | Enhancement | Yrs/S | Prison | County Jail |
|-------|-----|-----------|---------|-------------|-------|--------|-------------|
|       |     |           |         |             |       |        |             |
|       |     |           |         |             |       |        |             |
|       |     |           |         |             |       |        |             |
|       |     |           |         |             |       |        |             |

☐ See Attachment Page for additional charges   ☐ Sentence Deemed Served ☐ Ordered to report to Local Parole
PRIORS Alleged & Found True/Admitted

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|
|             |       |             |       |             |       |             |       |             |       |       |

CTS = _____ act + _____ (4019) = _____ Total days

TOTAL TERM _____

**VIOLATION DATE: 02/27/1998**

- ☐ Advised _____ years parole ☐ Appeal rights   Total this case ☐ Consec ☐ Concur
- ☐ Straight time ☐ Weekends ☐ Weekend Work ☐ PC1209 Fee Ordered/Waived ☐ EMP rec ☐ Eligible / not elig EMP/PSP/WF/CoParole
- ☐ Stay Surrender/Transp to _____ @ _____ sooner ☐ Pre-process _____ AM/PM
- ☐ Bal of CJ susp ☐ Release to _____ *on this case as well*   _____ ☐ only 1 rel-PC4018.6
- ☐ Remanded into Cust ☐ No Bail Allowed ☐ Bail ☐ Set @ ☐ Increased ☐ Reduced to $ _____
- ☐ Remains released on ☒ Release @ this time on ☐ OR ☐ SOR ☐ Bail

CLERK OF THE ABOVE ENTITLED COURT BY _____                    DEPUTY CLERK

# EXHIBIT COVER PAGE

VICTIM OF CRIME

EXHIBIT 5

## DESCRIPTION OF THIS EXHIBIT:

1. Letter after conviction on case # SCD195342, acknowledging Plaintiff was a victim of a crime, Exhibit - 6 (A), 6-14-06

2. Restitution form, Exhibit "SCD-04", 6-14-06

## NUMBER OF PAGES TO THIS EXHIBIT: ___2___ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
  And Government Claims Board

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

pproved for
se with Judicial
:uncil forms
n 1997

6 (A)

OFFICE OF

CHRISTOPHER S. MORRIS
MARGARET G. JACOBO
ASSISTANT CITY ATTORNEYS

# THE CITY ATTORNEY

## CITY OF SAN DIEGO

### Michael J. Aguirre

CITY ATTORNEY

June 14, 2006

CRIMINAL DIVISION
1200 THIRD AVENUE, SUITE 700
SAN DIEGO, CALIFORNIA 92101-4103
TELEPHONE (619) 533-5500
FAX (619) 533-5505

CRAIG SMITH
1631 PENTECOST WAY, NO. #7
SAN DIEGO CA 92106

Dear Mr. Smith,

People vs. Alephonsion Deng
City Attorney Case Number EB3468 / M991587

Our records show that you were the victim of a crime committed on December 1, 2005. The person who committed this crime has been convicted. Now, the court may require that person to reimburse you if you had any out-of-pocket expenses because of the crime.

If you owe or had to pay any money as a result of this crime and want to be reimbursed, please fill out the enclosed form. Make sure we can read your writing. Then make two copies of any bills, receipts, or estimates you have for the damage you suffered. Send the completed form and two copies of the paperwork to our office. If you do not have receipts, please explain why.

We must receive your paperwork within thirty days of the date of this letter. The court will inform you of any restitution orders made in this case.

If the court orders you to be reimbursed, you have the right to convert the criminal restitution order into a civil judgement, which will make all civil remedies available to you. This conversion process is handled through the San Diego Superior Court. To get an order granting restitution to you enforceable as a civil judgment (SDMC form 546), you must appear at court in the department in which the defendant was sentenced, at 220 West Broadway in downtown San Diego, with your criminal case and restitution order. This conversion to a civil judgment is your responsibility.

Sincerely yours

MICHAEL J. AGUIRRE, City Attorney

By

Bernadette Dreyer
Restitution Clerk

RESTITUTION FORM                                June 14, 2006

Case name: People vs. Alephonsion Deng                Case Number EB3468

CRAIG SMITH                                Your phone number:
1631 PENTECOST WAY, NO. #7
SAN DIEGO CA 92106

To be reimbursed for any out-of-pocket expenses you had to pay due to this case, you must complete and return this form and your receipts WITHIN 30 DAYS of the date on the enclosed letter.

As part of this criminal case, you can be reimbursed only for your out-of-pocket expenses that were a direct result of the crime and that were not covered by insurance.  You cannot be reimbursed through this case for "pain and suffering" or other emotional distress or intangible losses; you can seek those damages in a separate civil claim if you wish.  If your insurance paid for your damages but you had to pay a deductible, you can be reimbursed through this criminal case for that deductible.

OUT-OF-POCKET EXPENSES: List only those expenses NOT reimbursed by
          insurance.

PROPERTY DAMAGE                                    Cost of repair
     What property was damaged:                    or replacement

     _____    $ _____

     _____    $ _____

MEDICAL EXPENSES
     Injury              Treatment Facility      Cost

     _____    $ _____

INSURANCE DEDUCTIBLE
     Write the amount of any insurance deductible
     that you had to pay:                       $ _____

OTHER OUT-OF-POCKET EXPENSES
     If you had any other out-of-pocket expenses from this case that have
     not been listed above and that were not covered by insurance, list them
     here.  (Rental car expenses, lost wages, etc.)       Cost

     _____    $ _____

     _____    $ _____

TOTAL EXPENSES YOU WANT REIMBURSED:        Total:  $ _____
WHAT TO DO NOW
     ( ) Check here and return form to the below address if you have
         NO out-of-pocket expenses
     ( ) Check here if you are still under medical care as a result of this
         incident
     ATTACH 2 COPIES OF YOUR RECEIPTS OR A LETTER EXPLAINING WHY YOU DO NOT
     HAVE RECEIPTS
     Send this completed form and receipts to:  Restitution Clerk
                                                City Attorney's Office
                                                1200 Third Avenue, Suite 700
                                                San Diego, CA 92101

# EXHIBIT COVER PAGE

LOSS WORK
**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

1. THIS IS A CONTRACT, I WAS JUST CONTRACTED FOR, ON 10-20-06, I RUN MY OWN BUSINESS, THIS ILLUSTRATES MY PAY-RANGE AND MY LOSS, CAN PROVIDE MORE PAPER WORK IF REQUIRED, CONTRACTS START AT 3-MONTHS -TO INDEFINITE EXHIBITS "L.E.1 - L.E.2"

2

## NUMBER OF PAGES TO THIS EXHIBIT: _____2_____ PAGES.

## JURISDICTION: (Check only one)

✓ OTHER

☐ CDCR Administrative Appeal

☐ California Victim Compensation
  And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council Forms
in 1997

This message has been scanned for known viruses.

| From: | kbrady@TCML.com |
| To: | craig0814@aim.com |
| Subject: | RE: The Computer Merchant |
| Date: | Mon, 23 Oct 2006 6:24 AM |

Hi Craig,

Thanks for the update.  You can either send the paperwork over to Michelle Ward, or you can fax them over to me.  My fax number is listed below.  Thanks Craig.

Fax – 781-878-4712

Best Regards,

Kyle Brady
IT Recruiter
The Computer Merchant Ltd.
800-617-6172 x4448
kbrady@tcml.com
www.tcml.com

---

**From:** craig0814@aim.com [mailto:craig0814@aim.com]
**Sent:** Friday, October 20, 2006 6:31 PM
**To:** Kyle Brady
**Subject:** Re: The Computer Merchant

**Kyle, Printed off all the documents,** I can fax them all back to Michelle Ward - Contracts correct? **, I will take all the docments with me home and read over them and will probably fax them tomorrow, You should have them before Monday morning.**

Thanks,

Craig Smith


-----Original Message-----
From: kbrady@TCML.com
To: craig0814@aol.com
Cc: craig0814@aim.com
Sent: Fri, 20 Oct 2006 1:32 PM
Subject: The Computer Merchant

Hi Craig,

First, I would like to say congratulations on being offered the position, as CSC was very impressed with your background, education, experience, and skills.  I am sending you this e-mail as the e-mail from our contracts department, which contains several attachments, including a background investigation form, must be completed and sent back prior to starting. The drug test will be overnighted via FedEx/DHL, which will arrive probably tomorrow or Monday.  This must also be completed prior to starting.  If any questions arise, please feel free to call me, or my manager, Scott Parsons, as his contact information is listed below.  Once again, Congratulations Craig!

P.S. Once you receive the paperwork, please fill them out as soon as possible, as the background investigation form take 1-2 days to process, as well as the drug test.  The faster these are completed, the sooner you can start

10/23/2006 12:46 PM

at CSC. Also, our company does require that two (2) professional references be sent over, only one will be checked though.

**Position:**
Solaris Administrator

**Client:**
Computer Science Corporation (CSC) supporting Washington Mutual

**Website:**
www.csc.com

**Duration:**
3-Month Contract Position with Potential for Extension

**Policies:**
MUST BE A US CITIZEN OR GREENCARD HOLDER
MUST BE ABLE TO PASS A DRUG TEST AND BACKGROUND INVESTIGATION

Location:
Pleasanton, California

**Rate:**
$50/hr W2

**Duties/Responsibilities:**
Provides support for moderately complex technical and team management activities related to system and database administration. Solaris 8/10 operating system, SUN hardware and familiarity with Veritas Cluster.


Best Regards,

Kyle Brady
IT Recruiter
The Computer Merchant Ltd.
800-617-6172 x4448
Mobile: 781-363-1549
kbrady@tcml.com
www.tcml.com


###############################################

This message has been scanned by F-Secure Anti-Virus for Microsoft Exchange.
For more information, connect to http://www.f-secure.com/

_____

size=2 width="100%" align=center>

Check Out the new free AIM(R) Mail -- 2 GB of storage and industry-leading spam and email virus protection.
####################################################

This message has been scanned by F-Secure Anti-Virus for Microsoft Exchange.
For more information, connect to http://www.f-secure.com/

# EXHIBIT COVER PAGE

CASE # SCD195342
SCD195342

2006 SD

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

1. FIRST TRIAL ACQUITTAL EXHIBIT- SCD-01
2. JURY VERDICT ON 4-17-06 MISDEMEANOR, VIOLATION CONVICTION, NO ENHANCEMENT FINDING
3. PRONOUNCEMENT OF JUDGMENT, MISDEMEANOR VIOLATION PRONOUNCED, NO FINDING OR PRONOUNCEMENT ON A ENHANCEMENT, PRISON PRIOR IMPROPERLY APPLIED TO MISD. VIOLATION EXHIBITS SCD-05; SCD-05.2 "

## NUMBER OF PAGES TO THIS EXHIBIT: ____5____ PAGES.

4. ABSTRACT OF JUDGMENT, SAME AS PRONOUNCEMENT, NO ENHANCEMENT EXHIBIT SCD-06

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation And Government Claims Board

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

SCD-01

4. (B)

Superior Court of the State of California
FOR THE COUNTY OF SAN DIEGO
CENTRAL DIVISION

1 Ana

---

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

CRAIG SMITH,

Defendant.

Department 39

Case No. SCD 195342
D.A. No. ABQ769

# VERDICT

---

We, the jury in the above entitled cause, find the defendant,
Craig Smith, ___NOT GUILTY___ of the crime of
                [Guilty]    [Not Guilty]
Driving While Having More than .08 Percent of Measurable Blood
Alcohol, in violation of Vehicle Code section 23152(b), as
charged in Count Two of the Information.



DATE: 10/25/06
Attest: A true copy,

                        Court Administrator
By ___C. Ferrer___ Deputy

Dated ___2/17/06___                  _Redacted_
                                      FOREPERSON

## SUPERIOR COURT OF CALIFORNIA
### County of San Diego

0204

DATE: 4-17-06            DEPT. 06            Reporter: L. TULLER            CSR No. 12392
PRESENT HON. ALBERT T. HARUTUNIAN III                                      Page 1 of 1
Clerk: C. SCHMIDT
Bailiff: A. AVILES
Release Status: custody/ $50,000 bail set
Violations: Ct 1 – VC23152(a)


Defendant present

-------------------------------------------------------------------------------------------------------------

SCD195342          PEOPLE OF THE STATE OF CALIFORNIA          By: Daniel F. Link, DDA
ABQ76901

                              VS.

                        **CRAIG SMITH**                      By: J. Gregory Turner
                                                             Retained

8:55  A. Aviles, SDSO, is sworn to take custody of the jury.
9:10 The jury is deemed present and escorted to the jury deliberations room to continue deliberations.
10:00 The Court is informed that verdicts have been reached. Counsel are ordered to return to court.
10:40 Counsel named above – DDA D. Link and retained Attorney J. Gregory Turner, are now present. The
Defendant is also present.  The 12 jurors are seated and court is again in session.  **JURY TRIAL RESUMES.**
The Presiding juror reports that a verdict has been reached. The Court reviews the verdict form and finds the
form in order. At the direction of the Court, the Clerk reads the verdict, a redacted copy of which is attached,
filed, and incorporated by reference herein.


### THE DEFENDANT IS FOUND GUILTY OF COUNT NO. 1 – VC23152(a)


Counsel waive polling of the jury.
The verdict is ~~are~~ recorded.  Reading of the verdicts, as recorded, is waived. The jury is released from the
admonishment not to discuss the case, but cautioned to be truthful if they chose to speak of this matter.  All juror
information is ordered sealed.  The jury is thanked and discharged from further service.  All jurors exit the
courtroom.  Defendant waives statutory time for trial on allegations of prior convictions.
**COURT TRIAL ON ALLEGATIONS OF PRIOR CONVICTIONS IS SET FOR MAY 15 AT 8:30, IN
THIS DEPARTMENT.**
The Probation Department is ordered to prepare a pre-sentence report.
**PROBATION HEARING AND SENTENCING IS SET FOR MAY 15, AT 8:30, IN  DEPARTMENT 6.**
10:55 Court is adjourned.  Defendant is remanded to the custody of the Sheriff with bail as set, at $50,000.


ALBERT T. HARUTUNIAN III

Bail Set $50,000
Absolute BB

CD195342 DA ASG7697C

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ CENTRAL  ☐ NORTH  ☐ EAST  ☐ SOUTH   0212

DATE 10-30-06 AT 130 p M.

PRESENT: HON. A. Haritunian _____ JUDGE PRESIDING DEPARTMENT 6

CLERK N. Knight / C. Schmidt REPORTER A. Pineda ___ CSR# 12670

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

DLink S. Ly

THE PEOPLE OF THE STATE OF CALIFORNIA

DEPUTY DISTRICT ATTORNEY

Smith, Craig VS. _____ R Allen by M. Schunk

DEFENDANT _____ ATTORNEY FOR DEFENDANT (PD / APD / PCC / RETAINED)

VIOLATION OF VC23152(a) _____ P.O. ___ E. Scrittilan

ENH(S) _____ INTERP. _____ OATH ON FILE / SWN.

PRIOR(S) PC667.5(b) _____ LANGUAGE _____

DEFENDANT ☒ PRESENT  ☐ NOT PRESENT  ☐ NOT PRODUCED

**P R E V**
- ☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION _____ ☐ WAIVES HEARING.
- PROBATION IS / REMAINS: FORMALLY / SUMMARILY ☐ REVKD ☐ REINST ☐ MODIFIED ☐ CONT ☐ ST&C ☐ TERMD. ☐ EXT. TO: _____

**J U D G M E N T**
- ☒ COMPLIANCE WITH PC 296 VERIFIED / ORDERED. ☐ WAIVES ARRAIGNMENT. ☒ ARRAIGNED FOR JDGMT. ☐ IMPOSITION / EXECUTION OF SENTENCE IS SUSP.
- ☒ PROBATION IS: ☒ DENIED ☐ GRANTED _____ YEARS (FORMAL/SUMMARY) TO EXPIRE _____
- ☐ COMMITMENT TO SHERIFF FOR _____ DAYS. STAYED TO _____ / PNDG. SUCC. COMPL. OF PROB. ☐ PAROLE NOT TO BE GRANTED.
- ☐ PERFORM _____ HRS / DAYS PSP / VOL. WORK AT NONPROFIT ORG. SUBMIT PROOF TO PROBATION / COURT BY _____
- ☐ 4TH AMENDMENT WAIVER: ☐ IMPOSED. / ☐ REMAINS IN EFFECT. / ☐ DELETED. ☐ FORMAL PROB. CONVERTS TO SUMM. PROB.
- ☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: _____
- ☐ DEFENDANT IS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY ☐ PER WI 1737
- ☒ **DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS** ☐ PER PC 1170(d).
- ☒ FOR _____ LOWER / MIDDLE / UPPER INDETERMINATE TERM OF 3 YEARS / MONTHS / TO LIFE

  CREDIT FOR TIME SERVED
  253 DAYS LOCAL.
  _____ DAYS STATE INST.
  126 DAYS PC4019/2933.1
  379 TOTAL DAYS CREDIT

- ON COUNT 1 CODE & NO. VC23152(a) ☐ PRINCIPAL COUNT. ☐ STIPULATED SENTENCE.
- ☐ DEFENDANT SENTENCED PER PC 667(b)-(i)/1170.12. ☒ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC 12021.
- ☐ NO VISITATION PER PC 1202.05. VICTIM IS UNDER 18 YRS. OF AGE. DA TO COMPLY WITH NOTICES.
- ☒ DEFT. ADVISED REGARDING PAROLE / APPEAL RIGHTS. ☐ REGISTRATION PER PC 290 / HS 11590 / PC 457.1 / PC 186.30.
- ☒ HIV TESTING PER PC 1202.1 / ☐ DNA SAMPLING PER PC 296 / ☐ PROTECTIVE ORDER ISSUED.
- ☒ DEFENDANT TO PAY: FINE OF $ _____ PLUS PENALTY ASSESSMENT. ☒ $20 COURT SECURITY FEE. ☐ PROBATION COSTS. ☐ BOOKING FEES.
  REST. FINES: $ 300 — PER PC1202.4(b). ☒ F/W REST PER PC2085.5. $ 300 — PER PC1202.44 / PC1202.45 SUSP. UNLESS PROB. / PAROLE REVKD.
- ☐ PROBATION HAVING FORMALLY REVOKED, THE PREVIOUS RESTITUTION FINE OF $ _____, SUSPENDED PER PC 1202.44, IS NOW DUE.
- ☐ RESTITUTION TO VICTIM(S) PER P.O.'s REPORT / REST. FUND PER PC 1202.4(f) OF $ _____ / IN AN AMT. TO BE DETERMINED. ☐ JOINT & SEVERAL.
- ☐ COURT-APPOINTED ATTORNEY FEES ORDERED IN THE AMOUNT OF $ _____
- ☐ INCOME DEDUCTION ORDER OF $ _____ PER PAY PERIOD PER PC 1202.42 STAYED UNLESS DEFT. FAILS TO PAY VICTIM REST. NOTICE OF RIGHTS PROVIDED.
- ☐ AT THE COMBINED RATE OF $ _____ PER MONTH TO START 60 DAYS AFTER RELEASE / ON _____
- ☐ DEFT. TO REPORT TO REVENUE & RECOVERY / COURT COLLECTIONS TO SET UP AN ACCOUNT FORTHWITH / WITHIN 72 HOURS OF RELEASE FROM CUSTODY.
- ☒ ALL PROPERTY IMPOUNDED, SEIZED, OR HELD IN CUSTODY IN THIS CASE TO BE DISPOSED OF PER POSSESSING AGENCY'S POLICY.

**C U S T**
- ☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☒ WITHOUT BAIL. ☐ WITH BAIL SET AT $ _____
- ☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ _____ ☐ ON PROBATION. ☐ ON DEJ. ☐ ON OWN / SUPERVISED RECOGNIZANCE.
- ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON PROBATION. ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ. ☐ THIS CASE ONLY.

**H R G S**
- ☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT.
- ☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION. ☐ PER PC 1203.03. ☐ PER WI 707.2.
  _____ CONTINUED TO / SET FOR _____ AT _____ M. IN DEPT. _____ ON MOTION
  OF COURT / DDA / DEFENDANT / PROBATION OFFICER. REASON: _____
- ☐ EVIDENTIARY HEARING ON THE PROBATION REVOCATION ALLEGATION TO BE HEARD CONCURRENTLY WITH THE PRELIMINARY HEARING.

**W R I T S**
- ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO _____
- ☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED _____
- ☒ BAIL IS ☒ EXONERATED. ☐ FORFEITED. AMOUNT $ 50,000 BOND NO. 555014767-1
  BOND COMPANY Absolute Bail Bonds _____ AGENT _____

**M H**
- ☐ PROCEEDINGS SUSPENDED ☐ PER PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
- ☐ PER WI 3051, ADDICTION OR DANGER OF ADDICTION. SERVICE OF PETITION: _____

**O T H E R**
- ☐ PROBATION TO PREPARE SUPP. REPT. / SUBMIT POST-SENT REPT TO CDC PER PC1203c. ☒ REPT. TO REG. OF VOTERS. ☒ DMV ABSTRACT. B.A.C. ____
  The Court finds the Defendant has an extensive history of driving under the influence, several driving
  under the influence convictions, that the current offense was committed while the Defendant was on parole,
  and that there is no remorse shown by the Defendant. The Court finds Defendant suffers from a
  substantial lack of credibility.
  Sentence on Enhancement per PC667.5(b) – 1 year Consecutive

**TOTAL CUSTODY – 4 YEARS**

JUDGE OF THE SUPERIOR COURT

SDSC CRM-2B(Rev. 5-05)    CC: Jail, Accta, Cal.    ALBERT T. HARITUNIAN III

SCD-06

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
## SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

0170

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SAN DIEGO**

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **CRAIG SMITH**
AKA:
CII#: **09220253**
BOOKING #: **6450451**                    ☐ NOT PRESENT

DOB: **08-14-61**

CASE NUMBER
**SCD195342**

F I L E D
Clerk of the Superior Court
NOV 02 2006
By: Michelle Knight, Deputy

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT                    ☐ AMENDED ABSTRACT

| DATE OF HEARING 10-30-06 | DEPT. NO. 6 | JUDGE A. HARUTUNIAN, III |
| CLERK M. KNIGHT | REPORTER A. PINEDA | PROBATION NO. OR PROBATION OFFICER 21140736 |
| COUNSEL FOR PEOPLE D. LINK | | COUNSEL FOR DEFENDANT M. SCHUNK    ☐ APPTD. |

| | | | | | CONVICTED BY | | | TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|
| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY / COURT / PLEA | TERM (L, M, U) | YRS. | MOS. |
| 1 | VC | 23152(s) | DRIVING UNDER INFLUENCE OF ALCOHOL | 2005 | 04-17-06 | X (COURT) | U | 3 | 0 |

ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC667.5(a) | 1 | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): $**800** per PC 1202.4(b) forthwith per PC 2085.5; $**800** per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

Lab Fee: $_____ per HS 11372.5(a) for counts _____ .   ☐ Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING:   a. ☐ AIDS pursuant to PC 1202.1   b. ☒ DNA pursuant to PC 296   c. ☐ other *(specify)*:

7. Other orders *(specify)*: $20 COURT SECURITY FEE IMPOSED.
FIREARM NOTICE PER PC12021 GIVEN.

| 8. | TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 4 | 0 |

9. ☐ This sentence is to run concurrent with *(specify)*:

10. Execution of sentence imposed
a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
e. ☐ other *(specify)*:

| 11. | DATE SENTENCE PRONOUNCED 10-30-06 | CREDIT FOR TIME SPENT IN CUSTODY 379 | TOTAL DAYS: INCLUDING: | ACTUAL LOCAL TIME 253 | LOCAL CONDUCT CREDITS 126 | ☒ 4019 ☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: | DMH | CDC | CRC |

12. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to   ☒ the reception center designated by the director of the California Department of Corrections.
☐ other *(specify)*:

CLERK OF THE COURT:   I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE   M. KNIGHT   *M Knight*

DATE   11-02-06

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170, 1213, 1213.5

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) SS        CRAIG SMITH TO9268
COUNTY OF SAN DIEGO )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, _Glenn E. Clay_, am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On _10-23-07_, I served the following documents:

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

CLERK OF U.S. DISTRICT COURT
ROOM 4290
880 FRONT STREET
SAN DIEGO, CA. 92101-8900

ONCE RESTRICTION AT PRISON FACILITY, R.J. DONOVAN IS LIFTED, DUE TO SAN DIEGO COUNTY FIRES, PLAINTIFF, THEN BEING ABLE TO OBTAIN COPIES, WILL SEND 2 COPIES TO THE DISTRICT COURT AT ADDRESS ON THE LEFT

ALSO THE PLAINTIFF WILL SEND COPIES TO THE DEFENDANTS, UPON RESTRICTION BEING LIFTED TO THE CLERK OF COURT" AT SUPERIOR COURT OF CALIFORNIA
       COUNTY OF SAN DIEGO
       220 WEST BROADWAY
       SAN DIEGO, CA. 92101
FOR, TO BE DISPERSED, OR INDIVIDUAL, WHICHEVER APPROPRIATE COURT WILL BE NOTIFIED OF DISPERSE METHOD

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on _10-23-07_ _Glenn E. Clay_

_Glenn E. Clay_
V35246 / 21-220L
P.O. Box _799005_
San Diego, CA   92179-900_5_

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

OCT 2 5 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

Craig Smith

FILING FEE PAID
DEFENDANTS

Dan Linkot et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Craig Smith
PO Box 799005
San Diego, CA 92179
T-09268

ATTORNEYS (IF KNOWN)

'07 CV 2077 BTN   RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)   **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

DATE   10/25/2007   ~~SIGNATURE OF ATTORNEY OF RECORD~~

R. Miller