# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SMITH,<br>CDCR # T-09268<br><br>                                    Plaintiff,<br><br>vs.<br><br>DAN LINK, Deputy District Attorney, NICHOLAS GONZALEZ, San Diego Police Officer, CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, ALBERT HARUTUNIAN, Judge of the Superior Court of California, San Diego,<br><br>                                   Defendants. | Civil No.   07-2077 BTM (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

    Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated by a San Diego Police Officer, Deputy District Attorney and a Superior Court Judge when he was arrested and

ultimately convicted of driving under the influence.  Plaintiff seeks compensatory damages for "malicious prosecution" and "false imprisonment."  (Compl. at 31.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

### I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or

1  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
2  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
3  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua
4  sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
5  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
6  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
7  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
8  2000) (§ 1915A).

9        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
10  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28
11  U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
12  make and rule on its own motion to dismiss before directing that the Complaint be served by the
13  U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
14  but requires a district court to dismiss an in forma pauperis complaint that fails to state a
15  claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
16  § 1915A).

17        "[W]hen determining whether a complaint states a claim, a court must accept as true all
18  allegations of material fact and must construe those facts in the light most favorable to the
19  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
20  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even
21  presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state
22  a claim upon which relief can be granted and seeks monetary relief from defendants who are
23  immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213
24  F.3d at 446, n.1.

25        First, a review of Plaintiff's Complaint indicates that he is seeking monetary damages
26  based on allegations that a San Diego Police Officer gave false testimony at his criminal trial
27  resulting in his conviction.  In addition, Plaintiff also seeks monetary damages against the
28  Deputy District Attorney who prosecuted him and the San Diego Superior Court Judge who

1 presided over his criminal trial.

2     These claims amount to an attack on the constitutional validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

    "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

    In this case, Plaintiff's malicious prosecution and false imprisonment claims "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see*

*also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. In fact, Plaintiff argues that *Heck* does not apply because he "foresees" that the California Appellate Court will decide his criminal appeal in his favor and release him from prison by the time this Court allows him to proceed in this matter. (Compl. at 29.) However, the Court takes judicial notice of the direct appeal, as well as a state habeas petition, filed by Plaintiff in regard to his criminal matter in the Fourth Appellate District of the California Court of Appeals..[1] The direct appeal has yet to be ruled on. *See The People v. Smith*, Cal. Ct. App. Case No. D049993 (Case fully briefed as of October 24, 2007); *In re Craig Smith*, Cal. Ct. App. Case No. D050928 (4th. Dist., Div. 1, May 31, 2007 Order denying petition without prejudice pending outcome of petitioner's appeal).

Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not, and apparently *cannot* currently show his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are based has already been terminated in his favor, his Complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary damages against Deputy District Attorney Dan Link. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)). In fact, Plaintiff has specifically asked this Court to take judicial notice of his criminal action. *See* "Amendment to Take Judicial Notice of Superior Court File SCD 195342," Docket No. 3.

1 official duties which are "intimately associated with the judicial phase of the criminal process."
2 *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259,
3 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when
4 the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty.
5 *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

6 In addition, Plaintiff's claims against San Diego Superior Court Judge Albert Harutunian
7 are barred by absolute immunity. "Judges and those performing judge-like functions are
8 absolutely immune from damage liability for acts performed in their official capacities."
9 *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge
10 for the State of California, Judge Harutunian has absolute immunity from civil proceedings
11 relating to these actions, which were performed within his judicial discretion.

12 Thus, Plaintiff's claims against Defendants Link and Harutunian will be dismissed
13 pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for seeking monetary relief against
14 defendants who are immune from such relief. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213
15 F.3d at 446, n.1.

16 Finally, Plaintiff may not sue Nicholas Gonzalez, a witness who testified for the
17 prosecution during his trial, under 42 U.S.C § 1983 based on his testimony. "Witnesses,
18 including police witnesses, are immune from liability for their testimony in earlier proceedings
19 even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001)
20 (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to
21 conspiracies to commit perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir.
22 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are
23 absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial,
24 or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155,
25 157-58 (9th Cir. 1986).

26 Thus, for all these reasons, the Court finds that Plaintiff's Complaint must be dismissed
27 sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary
28 damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**III. CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED: March 3, 2008

Honorable Barry Ted Moskowitz
United States District Judge