1  CRAIG SMITH
2  CDC#: T09268
3  P.O. BOX 799005
4  SAN DIEGO, CA. 92179
5
6  IN Propria Persona

FILED
MAR 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SMITH | CIVIL NO. 07-2077 BTM (RBB) |
| Plaintiff | |
| VS. | |
| DAN LINK, Deputy District Attorney, | Notice of Appeal |
| NICHOLAS GONZALEZ, San Diego Police Officer, | |
| CITY OF SAN DIEGO, | |
| COUNTY OF SAN DIEGO, | |
| ALBERT HARUTUNIAN, Judge of the Superior Court of California, San Diego | |
| Defendants. | date: March 18, 2008 |

  Notice is hereby given that Craig Smith (plaintiff) in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the judgement of the above entitled Court "DISMISSING ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES" entered on March 3, 2008, It was also ordered "GRANTING MOTION TO PROCEED IN FORMA PAUPERIS" (of which to the GRANTING OF FORMA PAUPERIS "plaintiff seeks no appeal"). For the favorable termination rule in "HECK", on March 5, 2008, Court of Appeal of the State

1 | of California, Fourth Appellate District, Division One, case no. D049993, reversed
2 | in full the judgment of Superior Court of the State of California, For the County
3 | of San Diego case no. SCD195342, see attached Exhibit "1" to be
4 | included in the record on appeal

### ISSUES FROM THE DISTRICT COURTS ORDER

1. Heck's favorable termination rule as of March 5, 2008 is satisfied with a full reversal on direct appeal

2. Criminal prosecutors are not absolutely immune when acting in a investigator role and fabricating evidence, as in "Milstein v. Cooley" (C.A9, Cal. 2001) 257.F.3d 1004 (9th Cir 2001), as in "Cruz v. Kauai County" (Hawaii) 2002, Milstein, supra, it is a 4th Amendment right not to have prosecutor personally attest to a false statement of a biased source with no investigation, as in "Kalina v. Fletcher," 522 U.S at 131, 118 S. Ct 502, (Quoting U.S. Constitutional Amendment IV, Absolute Immunity is not protected when prosecutor personally attested to the equivalent of an affidavit to the truth, declaring to be correct a certification, act of a witness, thus was not entitled to absolute immunity, accord "Morley v. Walker 175 F.3d 756, 760 (9th Cir 1999), also "Bishop Paiute v. County of Inyo, 275 F.3d 893 (9th Cir 2002)

3. Officer Gonzalez shield for qualified immunity is lost when he violated Constitutional rights well established for fabricating evidence to mislead a magistrate/Judge or Jury for enhancement of Probable cause, due process "Zamora v. City of Belen" 383 F. Supp. 2d 1315 (D.N.M 2005) materially mislead a magistrate

4. A Judge is liable for money damages in a §1983, when he acts in clear absence of all jurisdiction, and when he violates the Civil Rights act of 1964, §1981.

Date March 18, 2008         Respectfully Submitted    Craig Smith

# EXHIBIT COVER PAGE

**1**
EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

Court of Appeals Fourth Appellate District, Division One, State of California Case no D049993, reversal in full on direct appeal of Superior Court of California, County of San Diego case no. SCD195342

## NUMBER OF PAGES TO THIS EXHIBIT: ___3___ PAGES.

To Be included on the record on appeal

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation And Government Claims Board

☐ Municipal Court

☐ Superior Court

☑ Appellate Court

☐ State Supreme

☐ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

Filed
Stephen M. Kelly, Clerk
MAR 5 2008
Court of Appeal Fourth District

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CRAIG SMITH, Defendant and Appellant. | D049993 (Super. Ct. No. SCD195342) |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge. Reversed.

This appeal concerns two trials arising from Craig Smith's conduct of driving with alcohol in his system. Smith was arrested shortly after his vehicle was rear-ended by another vehicle. Approximately one hour after the accident, Smith's blood alcohol level was .17. Smith claimed this elevated level was the result of his drinking alcohol immediately *after* the accident. In the first trial, the jury acquitted Smith of driving with

being permitted to rely on a finding that Smith drove with a .08 or more blood alcohol level.[8]

## DISPOSITION

The judgment is reversed.

_____
HALLER, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
BENKE, J.

---

[8] In his brief on appeal, Smith also argues that the evidence was insufficient to support the driving under the influence verdict. This argument appears to be in large part premised on his assertion (which we have rejected) that the evidence of his postaccident .17 blood alcohol level was inadmissible. There was sufficient evidence to support the jury's verdict, including Smith's postaccident .17 blood alcohol level and his poor performance on the field sobriety tests.

Smith also challenges his sentence based on the United States Supreme Court's decision in *Cunningham v. California* (2007) 549 U.S. ___ [127 S.Ct. 856]. Given our reversal of the judgment as to guilt, we need not consider his sentencing assertions.

20

California Courts - Appellate Court Case Information

# CALIFORNIA APPELLATE COURTS



Change court

**4th Appellate District Division 1** (Cases begin at D035601)

Court data last updated: 03/06/2008 05:05 PM

Case Summary  Docket  Scheduled Actions  Briefs
Disposition  Parties and Attorneys  Trial Court

## Disposition

The People v. Smith
Case Number D049993

| | |
|---|---|
| Description: | Reversed in full |
| Date: | 03/05/2008 |
| Status: | Final |
| Publication Status: | Signed Unpublished |
| Author: | Haller, Judith |
| Participants: | McConnell, Judith (Concur)<br>Benke, Patricia (Concur) |
| Case Citation: | |

Click here to request automatic e-mail notifications about this case.

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF SAN DIEGO     )

CRAIG SMITH T09268

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, Ronald Ward, am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On March 19, 2008, I served the following documents:

Notice of Appeal.
Including Exhibits

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

United States District Court
Southern District of California
    Office of the Clerk
880 From Street, Suite 4290
San Diego, California, 92101

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on 3-19-08   Ronald Ward

Ronald D. Ward
F21-130 L
P.O. Box 799005
San Diego, CA  92179-9005

**Pursuant to the holding of the United States Supreme Court in <u>Houston v. Lack</u> 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.**

AO 450 Judgment in a Civil Case

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Craig Smith

V.

Dan Link, Nicholas Gonzalez, Albert T. Harutunian, III, City of San Diego, County of San Diego

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER:   07cv2077-BTM(RBB

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

that this action is dismissed for failing to state a claim and for seeking monetary damages against defendants who are immune. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| March 3, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/V.Trujillo
(By) Deputy Clerk

ENTERED ON March 3, 2008

07cv2077-BTM(RBB

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SMITH, CDCR # T-09268<br><br>Plaintiff,<br><br>vs.<br><br>DAN LINK, Deputy District Attorney, NICHOLAS GONZALEZ, San Diego Police Officer, CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, ALBERT HARUTUNIAN, Judge of the Superior Court of California, San Diego,<br><br>Defendants. | Civil No. 07-2077 BTM (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated by a San Diego Police Officer, Deputy District Attorney and a Superior Court Judge when he was arrested and

ultimately convicted of driving under the influence. Plaintiff seeks compensatory damages for "malicious prosecution" and "false imprisonment." (Compl. at 31.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

### I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

First, a review of Plaintiff's Complaint indicates that he is seeking monetary damages based on allegations that a San Diego Police Officer gave false testimony at his criminal trial resulting in his conviction. In addition, Plaintiff also seeks monetary damages against the Deputy District Attorney who prosecuted him and the San Diego Superior Court Judge who

presided over his criminal trial.

These claims amount to an attack on the constitutional validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's malicious prosecution and false imprisonment claims "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see*

*also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. In fact, Plaintiff argues that *Heck* does not apply because he "foresees" that the California Appellate Court will decide his criminal appeal in his favor and release him from prison by the time this Court allows him to proceed in this matter. (Compl. at 29.) However, the Court takes judicial notice of the direct appeal, as well as a state habeas petition, filed by Plaintiff in regard to his criminal matter in the Fourth Appellate District of the California Court of Appeals..[1]  The direct appeal has yet to be ruled on. *See The People v. Smith*, Cal. Ct. App. Case No. D049993 (Case fully briefed as of October 24, 2007); *In re Craig Smith*, Cal. Ct. App. Case No. D050928 (4th. Dist., Div. 1, May 31, 2007 Order denying petition without prejudice pending outcome of petitioner's appeal).

Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not, and apparently *cannot* currently show his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are based has already been terminated in his favor, his Complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary damages against Deputy District Attorney Dan Link. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)). In fact, Plaintiff has specifically asked this Court to take judicial notice of his criminal action. *See* "Amendment to Take Judicial Notice of Superior Court File SCD 195342," Docket No. 3.

official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

In addition, Plaintiff's claims against San Diego Superior Court Judge Albert Harutunian are barred by absolute immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge for the State of California, Judge Harutunian has absolute immunity from civil proceedings relating to these actions, which were performed within his judicial discretion.

Thus, Plaintiff's claims against Defendants Link and Harutunian will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for seeking monetary relief against defendants who are immune from such relief. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Finally, Plaintiff may not sue Nicholas Gonzalez, a witness who testified for the prosecution during his trial, under 42 U.S.C § 1983 based on his testimony. "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

Thus, for all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED: March 3, 2008

Honorable Barry Ted Moskowitz
United States District Judge

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  **Date:** 04/1/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:  Craig Smith v. Dan Link, et al

U.S.D.C. No.:  07cv2077 BTM (RBB)   U.S.D.C. Judge:  Barry Ted Moskowitz

Complaint/Indictment/Petition Filed:  Complaint

Appealed Order Entered:  3/3/2008

Notice of Appeal Filed:  3/28/2008

Court Reporter:  n/a

COA Status:  ☐ Granted in full/part (appeal only)   ☐ Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:  ☐ Paid   ☐ Not Paid   [x] No Fee Required
USA/GOVT. APPEAL:  ☐ Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order):  3/3/2008

Was F/P Status Revoked?  ☐ Yes   [x] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**          **Appellee Counsel:**

Craig Smith                     N/A
T-09268

PO Box 799005
San Diego, CA 92179


Counsel Status:  ☐ Retained   ☐ Appointed   [x] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number:  T-09268
Bail: _____

Custody:     x_____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| x | F/P Order (Ruled on in Order Dismissing Complaint entered 3/3/08) |
| | Minute Order |
| x | Other: Clerk's Judgment entered 3/3/2008, Order Dismissing Complaint without Prejudice entered 3/3/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                                **L. Hammer**
─────────────────────────                          ─────────────────────────
Deputy's Name                                                Deputy's Signature

## UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: **USCA No:**
**USDC No:** 07cv2077 BTM (RBB)
**Smith v. Link, et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in __ set(s) of __ volume(s). | | |
| | Reporter's transcript's transcripts in __ set(s) of __ volume(s). | | |
| | Exhibits in __ envelope(s) __ box(es) __ folders(s) | | |
| x | Judgement Order | x | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order Dismissing Complaint without Prejudice entered 3/3/2008 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 04/1/08                           By: **L. Hammer**
                                        Lauren Hammer, **Deputy**