# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SMITH,<br>CDCR #T-09268,<br><br>                  Plaintiff,<br>    vs.<br><br>DAN LINK, Deputy District Attorney:<br>NICHOLAS GONZALEZ, San Diego<br>Police Officer; CITY OF SAN DIEGO;<br>COUNTY OF SAN DIEGO; ALBERT<br>HARUTUNIAN, Judge of the Superior<br>Court of California, San Diego,<br><br>                  Defendants. | Civil No.   07-2077 BTM (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [Doc. No. 11-1]** |

## I.    Procedural History

Craig Smith ("Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on October 25, 2007, while incarcerated at the Richard J. Donovan Correctional Facility. On March 3, 2008, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), but simultaneously dismissed Plaintiff's Complaint for failing to state a claim upon which § 1983 relief could be granted and for seeking monetary damages against immune Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* March 3, 2008 Order at 6-7.

Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit on March 28, 2008. Subsequently, Plaintiff filed a motion to stay the appellate

proceedings because he informed the Ninth Circuit that he intended to file a motion pursuant to FED.R.CIV.P. 60(b) with the District Court. Plaintiff was informed that he must file a motion with the Ninth Circuit for a limited remand which "must include a statement that the district court has indicated its willingness to consider the proposed Rule 60(b) motion." *See* USCA Order dated July 17, 2008. This Court accepted Plaintiff's Motion for Relief from Judgment Pursuant to FED.R.CIV.P. 60(b) for filing on August 15, 2008 [Doc. No. 11]. The Ninth Circuit then issued a "Notice of Limited Remand" on September 22, 2008 [Doc. No. 14].

**II.     Motion for Relief from Judgment pursuant to FED.R.CIV.P. 60(b)**

Under Rule 60(b), a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifing relief. FED.R.CIV. P. 60(b).

In Plaintiff's Complaint, he claimed that his constitutional rights were violated by a San Diego Police Officer, Deputy District Attorney, and a Superior Court Judge when he was arrested, and ultimately convicted of driving under the influence. The Court, in conducting the required sua sponte screening of Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), found: (1) Plaintiff's request for money damages against these Defendants was not yet cognizable because his claims "necessarily implied" the invalidity of his criminal conviction; (2) Plaintiff's claims for monetary damages against Deputy District Attorney Dan Link were barred by absolute immunity given to prosecutors who are acting within the scope of their official duties (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); (3) Plaintiff's claims for monetary damages against San Diego Superior Court Judge Harutunian were also barred by absolute immunity (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)); and (4) Plaintiff's claims for monetary damages against San Diego Police Officer Nicholas Gonzalez who testified at Plaintiff's trial were also barred as witnesses at a criminal proceeding are entitled to absolute immunity.

.

Plaintiff has filed this Motion for Relief from Judgment because he claims that the California Court of Appeals, Fourth Appellate District "reversed in full" his criminal conviction. (*See* Pl.'s Mot. at 1.) As a result, Plaintiff is seeking monetary damages for the "wrongful conviction and 799 days of wrongful/false imprisonment." (*Id.*) Plaintiff further claims that he has "removed a claim against Superior Court Judge Albert Harutunian III for he has absolute immunity" but seeks to keep all the remaining claims against the remaining Defendants. (*Id.*)

First, Plaintiff continues to seek money damages against Dan Link, the Deputy District Attorney who prosecuted his criminal matter. A criminal prosecutor is entitled to absolute immunity from monetary damages in a § 1983 action for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. However, a prosecutor is only entitled to *qualified immunity* where "he or she is performing investigatory or administrative functions, or is essentially functioning as a police officer or defective." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Here, Plaintiff argues that when Defendant Link spoke to jurors following his first trial and used these discussions to prepare for the second trial, this was an "investigative act" which entitles Defendant Link to qualified immunity only. (Pl.'s Mot. at 9.) However, the Court finds that speaking with jurors is "intimately associated with the judicial phase of the criminal process" and not an investigatory function. *Imbler*, 424 U.S. at 430. Each allegation by Plaintiff pertaining to Defendant Link appears to arise from his role as the prosecuting attorney. Plaintiff also alleges that Defendant Link "fabricated evidence" in Plaintiff's second trial. Prosecutors are absolutely immune from § 1983 liability for decisions which include initiating a particular prosecution, presenting false testimony at trial, and suppressing exculpatory evidence. *See Goldstein v. City of Long Beach*, 481 F.3d 1170, 1173 (9th Cir. 2007) (citing *Imbler*, 424 U.S. at 431 & n. 34). Thus, Defendant Link is entitled to absolute immunity based on the facts alleged by Plaintiff in his Complaint, as well as his Motion.

Second, Plaintiff seeks to hold Defendant Nicholas Gonzalez, a Police Officer for the City of San Diego, liable for allegedly "submitting a false report to his supervisor that initiated the prosecution [against Plaintiff] and even committed perjury in preliminary examination." (Pl.'s Mot. at 6.) As to the claims arising from his testimony, Defendant Gonzalez is absolutely

immune even if he is alleged to have committed perjury. *See Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) ("[w]itnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury."). However, Plaintiff is now claiming that Defendant Gonzalez fabricated evidence which led to his initial criminal conviction that was later reversed. (*See* Pl.'s Mot. at 7.) Defendant Gonzalez does not have absolute immunity for allegations of "non-testimonial acts such as fabricating evidence." *Cunningham v. Gates*, 229 F.3d 1098, 1291 (9th Cir. 2000). Thus, Plaintiff may be able to seek money damages against Defendant Gonzalez if he is able to articulate a constitutional claim against him.

Finally, as to Plaintiff's claims against the County and City of San Diego, the Court finds that Plaintiff cannot proceed against the County of San Diego. A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against San Diego County or the City of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624.

The County of San Diego cannot be held liable under *Monell* for the actions of Defendant Link that occurred when he was prosecuting Plaintiff for criminal violations of California state law. While a district attorney has both state and county functions, they are a state actor when

"acting in [their] prosecutorial capacity." *Del Campo v. Kennedy*, 517 F.3d 1070 (9th Cir. 2008) (citing *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000)); *see also Pitts v. County of Kern*, 17 Cal.4th 340, 362, 70 Cal.Rptr.2d 823, 949 (1998) (California Supreme Court analyzing California law and holding that a district attorney is a state official for purposes of § 1983 liability while acting in their prosecutorial capacity.) Accordingly, Plaintiff cannot hold the County of San Diego liable for the actions of Defendant Link while he was acting in his prosecutorial capacity.

In conclusion, Plaintiff has supplied the Court with additional evidence indicating that the grounds for his criminal conviction have been reversed by the California Court of Appeal. The Court's March 3, 2008 Order relied, in part, on the favorable termination rule of *Heck*. The Court's previous determination that Defendants Harutunian and Link are entitled to absolute immunity is not changed by the reversal of Plaintiff's convictions or any new allegations found in Plaintiff's Motion. However, to the extent that Plaintiff is seeking to clarify his claims against Defendant Gonzalez and the City of San Diego, Plaintiff will be permitted to file a First Amended Complaint as to these Defendants only.

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment pursuant to FED.R.CIV.P. 60(b) is **GRANTED** in part, and **DENIED**, in part. The Clerk of Court is directed to reopen the case and set aside the Judgment as to Defendants Gonzalez and the City of San Diego. The judgment in favor of Assistant District Attorney Link, Judge Harutunian and the County of San Diego shall remain in effect. The Court finds no just reason for delay as to the entry of final judgment in favor of Defendants Link, Harutunian and the County of San Diego and directs the Clerk of Court to enter a final judgment for Defendants Link, Harutunian and the County of San Diego pursuant to FED.R.CIV.P. 54(b).

////
////
////
////

1 | Plaintiff will be permitted to file a First Amended Complaint relating to the claims
2 | against Defendant Gonzalez and the City of San Diego within forty five (45) days from the date
3 | this Order is filed. Plaintiff shall notify the Ninth Circuit Court of Appeals of this Order.

DATED: October 15, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge