**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG SMITH, <br> CDCR #T-09268, <br>                                     Plaintiff, <br> vs. <br> NICHOLAS GONZALEZ, San Diego Police Officer; CITY OF SAN DIEGO, <br>                                     Defendants. | Civil No.   07-2077 BTM (RBB) <br><br> **ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

**I.     Procedural History**

On October 27, 2007, Craig Smith ("Plaintiff"), a former state prisoner filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's Motion to Proceed *IFP* and sua sponte screened Plaintiff's Complaint as required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (*See* March 3, 2008 Order at 6-7.) Specifically, the Court found that many of Plaintiff's claims challenged the constitutional validity of his underlying criminal proceeding and thus, were not yet cognizable until he could show that his conviction had been invalidated. (*Id.* at 4; citing *Heck v. Humphrey*, 512 U.S. 477, 486-86) (1994)). In addition, Plaintiff was seeking monetary damages against the San Diego Superior Court Judge who presided over this

1 trial along with the Deputy District Attorney who prosecuted his criminal case. The Court
2 dismissed Plaintiff's claims for monetary damages against the Defendants because they are
3 absolutely immune. (*Id.* at 5-7; citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Ashelman
4 v. Pope*, 793 F.2d 1071, 1075 (9th Cir. 1986)). The Court did not permit Plaintiff leave to file
5 an Amended Complaint because the Court determined that amendment of the § 1983 claims
6 would be futile. (*Id.* at 7; citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.
7 1996)).

8 Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Ninth
9 Circuit on March 28, 2008. Subsequently, Plaintiff filed a motion to stay the appellate
10 proceedings because he informed the Ninth Circuit that he intended to file a motion pursuant to
11 FED.R.CIV.P. 60(b) with the District Court. Plaintiff was informed that he must file a motion
12 with the Ninth Circuit for a limited remand which "must include a statement that the district
13 court has indicated its willingness to consider the proposed Rule 60(b) motion." *See* USCA
14 Order dated July 17, 2008. This Court accepted Plaintiff's Motion for Relief from Judgment
15 Pursuant to FED.R.CIV.P. 60(b) for filing on August 15, 2008 [Doc. No. 11]. The Ninth Circuit
16 then issued a "Notice of Limited Remand" on September 22, 2008 [Doc. No. 14].

17 This Court granted in part and denied in part Plaintiff's Motion for Relief from Judgment.
18 (*See* Oct. 15, 2008 Order at 5-6.) The Court reopened the case as to Defendants Gonzalez and
19 the City of San Diego only. (*Id.* at 5.) The Court entered judgment in favor of Defendants Link,
20 Harutunian and the County of San Diego pursuant to FED.R.CIV.P. 54(b). (*Id.*) Plaintiff was
21 permitted leave to file a First Amended Complaint naming only Defendants Gonzalez and the
22 City of San Diego. (*Id.*) Plaintiff filed his First Amended Complaint ("FAC") on December 1,
23 2008.

24 **II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

25 As the Court stated in its previous Order, the Prison Litigation Reform Act obligates the
26 Court to review complaints filed by all persons proceeding IFP. *See* 28 U.S.C. §§ 1915(e)(2)
27 and 1915A(b). Under these provisions, the Court must sua sponte dismiss IFP complaints, or
28 any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages

from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Because Plaintiff is proceeding *pro se*, the Court has a duty to liberally construe the First Amended Complaint. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Here, the Court finds that Plaintiff has alleged facts sufficient to survive the required sua sponte screening. In addition, the Court has reviewed Plaintiff's First Amended Complaint for compliance with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's First Amended Complaint, while not the model of clarity, is not necessarily unintelligible or incoherent. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). Because the Court recognizes that the way in which Plaintiff has drafted his First Amended Complaint may provide great difficulty in setting forth specific denials to the allegations contained in Plaintiff's First Amended Complaint, Defendants will be permitted to file a general denial of Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 8(b)(3). Moreover, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Accordingly, in order to avoid any potential prejudice to the Defendants due to the lenghth of time this matter has been pending, the Court finds it appropriate to direct the U.S. Marshal to effect service of the First Amended Complaint. *See* 28 U.S.C. § 1915(d)

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his First Amended Complaint and the summons for purposes of serving these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in

the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  December 29, 2008

Honorable Barry Ted Moskowitz
United States District Judge